**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No. 1:25-cv-24568-PCH**

RAFAEL HERNANDEZ, individually and on behalf of all others similarly situated,

Plaintiff,

v.

SAZERAC COMPANY, INC.,

Defendant.

**ORDER DENYING MOTION TO DISMISS**

THIS CAUSE is before the Court on Defendant Sazerac Company Inc.'s Motion to Dismiss **[ECF No. 6]** ("Motion" or "Mot."). Plaintiff Rafael Hernandez filed a Response in Opposition [ECF No. 10] ("Response"), and Defendant filed a Reply [ECF No. 11]. The Court heard oral argument on February 20, 2026 [ECF No. 15].

Defendant moves to dismiss the sole count of the Class Action Complaint [ECF No. 1] ("Complaint" or "Compl."), which alleges a violation of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"). In deciding the Motion, the Court must answer one question: whether Defendant has a complete defense under FDUTPA's "safe harbor" provision, Fla. Stat. § 501.212(1). For the reasons stated below and at the hearing, the Court concludes that it does not.

**BACKGROUND**

Since 1984, Defendant has been the maker of a widely popular cinnamon-flavored whisky product ("Fireball Whisky") that is sold in bars, liquor stores, and licensed retail outlets. Compl. ¶¶ 18–20. In 2020, Defendant introduced a cinnamon-flavored malt liquor product ("Fireball Malt") that contains no whisky and half the amount of alcohol as Fireball Whisky. *Id.* ¶¶ 22, 23. Both products are packaged in clear bottles with red caps and yellow labels that depict a red fire-

breathing dragon. *Id.* ¶2. The Complaint provides a side-by-side comparison photo of the bottles of each product. *Id.* ¶2.

Plaintiff brings a single claim under FDUTPA on behalf of a proposed class of Florida consumers. In summary, Plaintiff asserts that Fireball Malt's packaging and appearance are nearly identical to that of Fireball Whisky in order to confuse consumers. According to Plaintiff, Fireball Whisky's labeling and trade dress have remained largely unchanged since the flagship product's launch and have become "instantly recognizable" to consumers. *Id.* ¶ 20. Plaintiff therefore alleges that Defendant's marketing and sale of the new Fireball Malt product in packaging that is near-identical to the "iconic" Fireball Whisky packaging misleads purchasers of Fireball Malt into believing they are purchasing Fireball Whisky. *Id.* ¶¶ 5, 9.

Defendant moves to dismiss on the ground that Plaintiff's claim is barred by FDUTPA's "safe harbor" provision, which precludes liability for "'an act or practice . . . specifically permitted under federal law.'" Mot. at 1 (citing Fla. Stat. § 501.212(1)). Federal law, Defendant argues, required Defendant to obtain a Certificate of Label Approval ("COLA") for the labels used on its Fireball Malt product. *Id.* at 2. Because Defendant obtained COLAs for all Fireball Malt labels, Defendant contends that those labels are specifically permitted by federal law and that the safe harbor therefore applies, requiring dismissal. *Id.* at 2–3.

## DISCUSSION[1]

FDUTPA "protect[s] the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce." Fla. Stat. § 501.202(2). Under FDUTPA, a

[1] As a preliminary matter, the Court grants Defendant's Request for Judicial Notice [ECF No. 7], to which Plaintiff did not file a response. *See* Fed. R. Evid. 201(b), 201(c)(2). The Court therefore takes notice of the COLAs covering the Fireball Malt labels [ECF Nos. 7-1, 7-2].

claim for damages has three elements: a deceptive act or unfair practice, causation, and actual damages. *Jackson v. Anheuser-Busch InBev SA/NV, LLC*, 2021 WL 3666312, at *11 (S.D. Fla. Aug. 18, 2021) (citation omitted). FDUTPA contains, however, a so-called "safe harbor" provision that precludes liability for "[a]n act or practice . . . specifically permitted by federal or state law." Fla. Stat. § 501.212(1). It is the movant who bears the burden of "demonstrat[ing] that a specific federal or state law affirmatively authorized it to engage in the conduct alleged in the Complaint[.]" *State of Fla., Off. of Atty. Gen., Dep't of Legal Affs. v. Tenet Healthcare Corp.*, 420 F. Supp. 2d 1288, 1310 (S.D. Fla. 2005).

Defendant contends that it falls within FDUTPA's safe harbor because the U.S. Treasury's Alcohol Tobacco Tax and Trade Bureau ("TTB"), which regulates alcoholic beverage labels, issued COLAs for Fireball Malt, as required by law. *See* 27 C.F.R. § 7.21(a) ("[A] brewer or wholesaler bottling malt beverages must obtain a certificate of label approval (COLA) covering the malt beverages from TTB prior to bottling the malt beverages or removing the malt beverages from the premises where they were bottled."). TTB may not issue a COLA if the label in question contains "any statement or representation, irrespective of falsity, that is misleading to consumers as to the age, origin, identity, or other characteristics of the malt beverage," 27 C.F.R. § 7.122(a), or if the label "directly creates a misleading impression or if it does so indirectly through ambiguity, omission, inference, or by the addition of irrelevant, scientific, or technical matter," 27 C.F.R. § 7.122(b)(1). Because COLAs were issued for the Fireball Malt labels, Defendant maintains that those labels are specifically permitted by federal law and that the safe harbor therefore precludes liability. Mot. at 2.

Plaintiff responds that the safe harbor does not apply because the Complaint asserts what Plaintiff describes as a "comparative deception" claim. Response at 6. According to Plaintiff, the

safe harbor "protects *label-specific elements* mandated or permitted by federal regulation" but "does *not* extend to the *comparative similarity* between two products' packaging and whether they create net impression that is deceptive to consumers." *Id.* (emphasis in original). Put simply, Plaintiff does not allege that the Fireball Malt labels are deceptive when viewed in isolation. Rather, Plaintiff alleges that the labels are "comparatively deceptive" when considered alongside the longstanding Fireball Whisky labels because the similarity between the two allegedly causes consumer confusion. The Court agrees.

In *Puig v. Sazerac Co., Inc.*, the court rejected the same argument Defendant advances here. 2024 WL 3046248, at *5 (M.D. Fla. June 18, 2024). There, in denying Defendant's motion to dismiss a similar FDUTPA claim, the Court explained that while a brand name required by federal regulations "enjoys safe harbor," the plaintiff could still pursue a theory that "similarities between the malt beverage and the cinnamon whisky beverage bottles mislead." *Id.* The court further observed that "Sazerac does not point to, and the Court is not aware of, any regulations that mandate or specifically permit similar bottles to contain dissimilar beverages," and the applicable "regulations suggest their purview is limited to the product submitted for approval and not other products." *Id.*

In so holding, the *Puig* court relied on *McKay v. Sazerac Co., Inc.*, which analyzed the same Fireball bottles under the same regulatory framework and reached the same conclusion. *Id.* at *5. In *McKay*, the plaintiff likewise alleged that it was the bottles' matching "appearance that creates confusion between the whisky and malt bottles." 2023 WL 3549515, at *4 (N.D. Cal. May 17, 2023). The court noted that, like here, "there is no evidence that the TTB regulations address any sort of comparative analysis with other labels, or test for consumer confusion," nor had

Defendant "pointed to TTB procedures which permit a third party to challenge the label's approval." *Id.*

The Court finds *Puig* and *McKay* to be well-reasoned and adopts their reasoning here. By its terms, the safe harbor applies to an "act or practice" that has been specifically permitted by federal law. *See* Fla. Stat. § 501.212(1). Plaintiff does not challenge the Fireball Malt label on its own. Response at 7. Rather, Plaintiff challenges the act or practice alleged in the Complaint—Defendant's use of that label in conjunction with materially similar packaging for a different product. In other words, the alleged deception arises from Defendant's practice of marketing Fireball Malt alongside Fireball Whisky using similar trade dress, which Plaintiff alleges creates consumer confusion.

Accordingly, Defendant has not carried its burden of showing that FDUTPA's safe harbor applies. Because Defendant does not otherwise dispute that the Complaint states a claim under FDUTPA, no other basis for dismissal is before the Court.

## CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that the Motion is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, on March 5, 2026.

PAUL C. HUCK
UNITED STATES DISTRICT JUDGE

cc: counsel of record