**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No. 1:25-cv-24568-PCH-HUCK**

RAFAEL HERNANDEZ, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

SAZERAC COMPANY, INC.,

Defendant.

CLASS ACTION

**DEFENDANT'S MOTION FOR RECONSIDERATION**

Defendant Sazerac Company, Inc. ("Sazerac") respectfully moves the Court pursuant to Fed. R. Civ. P. 59(e) to reconsider its March 5, 2026, order denying Sazerac's motion to dismiss (Dkt. 16). The "safe harbor" provision of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. § 501.212(1), explicitly provides that a defendant cannot be held liable for "an act or practice . . . specifically permitted under federal law." In this action, Plaintiff Hernandez asserts that the labels of Fireball Cinnamon malt beverage violate the FDUTPA – even though those very labels have been approved by, and determined not to be misleading by, the United States Department of the Treasury's Alcohol and Tobacco Tax and Trade Bureau (TTB). Because the Court's ruling cannot be squared with the plain language of the FDUTPA's "safe harbor" provision, the order denying Sazerac's motion to dismiss is manifestly erroneous and should be reconsidered.

**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO RECONSIDER**

The FDUTPA's "safe harbor" provision provides that there is no liability under the FDUTPA for "an act or practice . . . specifically permitted under federal law." Fla. Stat. § 501.212(1); *see also Phelps v. Hormel Food Corp*., 244 F. Supp. 3d 1312, 1319 (S.D. Fla. 2017)

("Pursuant to the safe harbor provision, there is no liability under FDUTPA when the challenged action is specifically permitted under federal law."); *Marrache v. Bacardi U.S.A., Inc.*, 17 F.4th 1084, 1099 (11th Cir. 2021) ("an act specifically permitted by federal law cannot serve as the basis for a FDUTPA claim."). The "safe harbor" extends to "acts that are required or permitted not only by statutes but also by regulatory action." *Pye v. Fifth Generation, Inc.*, No. 4:14-cv-493, 2015 WL 5634600, at *3 (N.D. Fla. Sept. 23, 2015).

Plaintiff Hernandez, in his Complaint, alleges that the *labeling* of Fireball Cinnamon malt beverage is misleading and therefore violates the FDUTPA. *See, e.g.*, Compl. ¶ 8. As the Court has recognized, the TTB issued certificates of label approval (COLAs) for all labels at issue in this action. By the plain language of the FDUTPA "safe harbor" provision, therefore, Plaintiff Hernandez's claim is not actionable. *See, e.g.*, *Jackson v. Anheuser-Busch Inbev SA/NV, LLC*, No. 20-cv-23392, 2021 WL 3666312, at *14 (S.D. Fla. Aug. 18, 2021) (FDUTPA's safe harbor precludes actions based on an alcohol label approved by TTB); *Pye*, 2015 WL 5634600, at *4 (there can be no FDUTPA claim based on alcohol labels that have received COLAs).

The Court, in its March 5 order, concluded that the FDUTPA's "safe harbor" did not apply because Plaintiff Hernandez claims that the labels are "comparatively deceptive," citing *Puig v. Sazerac Co., Inc.*, No. 2:23-cv-856, 2024 WL 3046248 (M.D. Fla. June 18, 2024). There are two errors with this conclusion.

First, the FDUTPA "safe harbor" applies to *all* labels that are "required or permitted" by federal regulatory action, including the issuance of COLAs; there is no exception for claims of "comparative deception." *See, e.g.*, *Pye*, 2015 WL 5634600, at *4 ("The safe harbor applies to *any* 'act or practice required or specifically permitted by federal or state law.' Fla. Stat. § 501.212. There is no exception for unwise or even incompetently enforced federal or state laws.") (emphasis

in original). The "safe harbor" is a black line rule: if a COLA has been issued approving a label, there can be no FDUTPA claim based on that label. That is precisely the case here. Because the TTB issued COLAs for the labels at issue, Plaintiff Hernandez cannot state an actionable FDUTPA claim based on those labels, whether the issue is "comparative deception" or otherwise.

Second, Judge Steele in *Puig* did not, as the Court says in its March 5 order, "reject[] the same argument Defendant advances here." To the contrary, Judge Steele expressly *did not address the issue*, concluding that there was no "basis upon which the Court can consider the COLA (which has not been submitted to the Court)" on a motion to dismiss. *Puig*, 2024 WL 3046248, at *4.[1] Consequently, Judge Steele did *not* address the COLA issue and instead addressed whether specific federal *regulations* triggered the "safe harbor." *Id*. (addressing COLAs in part III.A(1)(a) of the opinion and "Federal Regulations" in part III.A(1)(b) of the opinion). The language quoted by the Court in its March 5 order concerned the absence of specific *regulations* permitting "similar bottles to contain dissimilar beverages" – but said nothing about COLAs. Similarly, Judge Steele quoted *McKay v. Sazerac Co., Inc*., No. 23-cv-00522, 2023 WL 3549515, at *4 (N.D. Cal. May 17, 2023), for the proposition that no "*regulations* address any sort of comparative analysis with other labels," *Puig*, 2024 WL 3046248, at *5 (emphasis added) – not for anything having to do with a COLA triggering the FDUTPA "safe harbor."

Had Sazerac argued in its motion to dismiss that the FDUTPA "safe harbor" applied because of one or more specific federal *regulations*, it would be difficult to take issue with the Court's conclusion. The issue raised by Sazerac, however, is that the issuance of a *COLA* approving a label precludes a FDUTPA action based on that label. The express language of the

[1] Unlike here, Sazerac did not seek to have Judge Steele take judicial notice of the applicable COLAs.

FDUTPA "safe harbor," as well as the decisions in *Jackson* and *Pye*, make plain that the COLAs approving the Fireball Cinnamon malt beverage labels bar Plaintiff Hernandez's FDUTPA claim. Therefore, Sazerac respectfully asks the Court to reconsider its March 5 order and to issue an amended order dismissing Plaintiff Hernandez's Complaint.

**CONCLUSION**

Because the FDUTPA's safe harbor bars *any* FDUTPA action based on a label that has received federal approval through issuance of a COLA, Sazerac respectfully asks the Court to reconsider its March 5 order and to issue an amended order dismissing Plaintiff Hernandez's Complaint.

Dated: March 24, 2026

Respectfully submitted,

JONES FOSTER P.A.

*/s/ Joanne M. O'Connor*

Joanne M. O'Connor
Florida Bar No: 498807
505 South Flagler Drive, Suite 1100
West Palm Beach, FL 33401
(561) 659-3000
joconnor@jonesfoster.com

Creighton R. Magid (*pro hac vice*)
DORSEY & WHITNEY LLP
1401 New York Avenue, N.W. Suite 900
Washington, D.C. 20005
(202) 442-3555
Magid.chip@dorsey.com

*Attorneys for Defendant Sazerac Company, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 24, 2026, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

By: /s/Joanne M. O'Connor
Joanne M. O'Connor

**HERNANDEZ v SAZERAC**
**Case No. 1:25-cv-24568-PCH-HUCK**
**SERVICE LIST**

Christopher Gold, Esq.
GOLD LAW, PA
350 Lincoln Rd., 2nd Floor
Miami Beach, FL 33139
305-900-4653
chris@chrisgoldlaw.com
*Counsel for Plaintiff and the Proposed Class*

Garrett Berg, Esq.
GARRETT BERG LAW, P.A.
555 NE 15th St., PH A
Miami, FL 33132
garrett@gberglegal.com
*Counsel for Plaintiff and the Proposed Class*

Joanne M. O’Connor
JONES FOSTER P.A.
505 South Flagler Drive, Suite 1100
West Palm Beach, FL 33401
561-659-3000
joconnor@jonesfoster.com
*Attorneys for Defendant Sazerac Company, Inc.*

Creighton R. Magid (*admitted PHV*)
Katherine E. Canning (*pro hac vice forthcoming*)
DORSEY & WHITNEY LLP
1401 New York Avenue, N.W. Suite 900
Washington, D.C. 20005
202-442-3555
magid.chip@dorsey.com
canning.katherine@dorsey.com
*Attorneys for Defendant Sazerac Company, Inc.*

#7751729 v1 32795-00003