**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No. 1:25-cv-24568-PCH/LFL**

RAFAEL HERNANDEZ, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

SAZERAC COMPANY, INC.,

Defendant.

CLASS ACTION

**DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO MODIFY SCHEDULE ORDER AND CONTINUE TRIAL**

Two days before the deadline for filing a motion for class certification and less than two weeks before Plaintiff's expert disclosure deadline, Plaintiff Hernandez – without any prior consultation with defendant Sazerac Company, Inc. ("Sazerac")[1] – filed a motion to extend all deadlines in this case by approximately four months. The primary reason Plaintiff Hernandez cited – an alleged absence of document discovery – is a red herring, as discussed in greater detail below. The second reason – a medical emergency involving a family member – warrants consideration. Sazerac wishes to provide reasonable accommodation to any counsel faced with personal or family medical issues. The issue is how much of an extension such issues require. Plaintiff has not provided any detail regarding the length of the family member's hospitalization. Sazerac therefore suggests a two-week extension of the current deadlines unless the hospitalization period was longer.

[1] Hernandez did not consult with Sazerac's counsel prior to filing the motion, in contravention of Local Rule 7.1(A)(3).

**The Status of Document Discovery is Not a Basis for Extending Deadlines**

Plaintiff Hernandez first asserts that the case deadlines should be extended by four months because Sazerac "has not produced the core documents and data" Plaintiff supposedly "needs to support his anticipated motion for class certification and to permit expert analysis of class-wide damages." Motion ¶¶ 4-5. This is allegedly so even though "Plaintiff has diligently pursued the discovery needed to meet those deadlines" and has "served a detailed deficiency letter demanding supplementation across twelve categories of discovery." *Id.* at ¶¶ 4, 6. According to the motion, "[d]espite Plaintiff's diligence, as of the date of this Motion Plaintiff has not received any of the discovery necessary to brief class certification." *Id.* at ¶ 7. The problem with this tale is that it is not true.

The court issued the scheduling order in this case on March 23, 2026. Plaintiff served document requests a month later, on April 23, 2026. Defendant timely served responses and objections to these requests on June 5, 2026, pursuant to an agreed extension. Sazerac agreed to produce documents responsive to certain requests upon entry of a protective order and objected to other requests because they were improper. (For example, Plaintiff improperly requested that Sazerac produce "[a]ll document productions, deposition transcripts and exhibits, declarations, expert reports, expert disclosures, and written discovery responses served, produced, or received" in five other lawsuits in which Sazerac is a defendant. *See, e.g., Atico Int'l USA, Inc. v. Luv N Care, Ltd.*, 2010 U.S. Dist. LEXIS 153655, *9-11 (S.D. Fla. July 21, 2010)(requests for documents produced in other litigation matters are overly broad, unduly burdensome, seek irrelevant information, and constitute an impermissible fishing expedition); *Bhatia v. Silvergate Bank*, 2024 WL 3929887, at *4, 2024 U.S. Dist. LEXIS 151934, *13-14 (S.D. Cal. Aug. 23, 2024) (same).)

On June 8, 2026, Sazerac's counsel emailed Plaintiff's counsel and offered to explain and

discuss Sazerac's objections. Declaration of Creighton Magid at ¶ 2. On June 11, 2026, the parties confered. *Id*. at ¶ 3. On the call, counsel for Plaintiff stated that he believed the scope of many requests could be narrowed, and said that he would prepare a letter outlining potential compromises and a path forward. He also stated that he would draft a proposed protective order. Id. at ¶ 4. That did not happen.

Instead, a month then passed without word from Plaintiff's counsel. Then, on July 14, 2026, Plaintiff filed the present motion. Only *after* filing the motion – at 7:55 p.m. on July 14 – did Plaintiff's counsel send a draft protective order and the promised letter (which, contrary to Plaintiff's counsel's promises, makes very little effort to narrow any of the requests). Declaration of Creighton Magid at ¶ 4. Plaintiff's suggestion that Sazerac has been dilatory and that documents have not been produced "[d]espite Plaintiff's diligence" is wholly unfounded.

Apart from the mischaracterization of the state of discovery, Plaintiff has failed to articulate why any of the requested documents would be pertinent to a class certification motion or to an expert report. Plaintiff asserts that he can satisfy the Rule 23(b)(3) predominance requirement by establishing a difference between the market value of Fireball Cinnamon malt beverage as labeled and with an unspecified alternative label. The requested documents do not bear on such an analysis. Presumably, Plaintiff has retained an expert who will purport to measure such a market value difference experimentally. Plaintiff does not – and cannot – explain why the absence of Sazerac documents would impede or delay either an expert report or a class certification motion. (Indeed, as this response was being prepared, Plaintiff filed his class certification motion. [Dkt. 26]) Accordingly, the status of document discovery furnishes no justification for a modification of the case schedule. Nor does it establish "good cause" to modify the scheduling order as required by Rule 16(b)(4) or the "exceptional circumstances" required to warrant a continuance of the trial

date as required by Local Rule 7.6. "If a party was not diligent, the good cause inquiry should end." *Esys Latin Am., Inc. v. Intel Corp*., 290 F.R.D. 563, 564 (S.D. Fla. 2013)(quoting J*ohnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992)).

**The Medical Issue Warrants a Brief Extension of Deadlines**

Unlike the discovery non-issue, Sazerac wishes to accommodate opposing counsel in general, and Mr. Gold in particular, with respect to family and medical issues. Sazerac therefore agrees that the case schedule should be modified slightly to provide Mr. Gold with some additional time. Plaintiff has not explained why a four month extension is required, nor is there any indication in Plaintiff's motion as to the duration of the family member's hospitalization. The issues in this case cannot truly be joined until Plaintiff produces his expert report explaining a basis for Plaintiff's damages claim. The four month request appears to reflect an absence of a credible damages theory more than a family member's hospitalization. Sazerac contends that a two-week extension would be appropriate absent a showing that the family member's hospitalization lasted longer than two weeks. Sazerac opposes Plaintiff's requested four month extension.

JONES FOSTER P.A.

*/s/ Joanne M. O'Connor*
Joanne M. O'Connor
Florida Bar No: 498807
505 South Flagler Drive, Suite 1100
West Palm Beach, FL 33401
(561) 659-3000
joconnor@jonesfoster.com

Creighton R. Magid (*admitted PHV*)
Katherine E. Canning (*pro hac vice forthcoming*)
DORSEY & WHITNEY LLP
1401 New York Avenue, N.W. Suite 900
Washington, D.C. 20005
(202) 442-3555
magid.chip@dorsey.com

canning.katherine@dorsey.com

*Attorneys for Defendant Sazerac Company, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 17, 2026, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

By: /s/Joanne M. O'Connor
Joanne M. O'Connor

**HERNANDEZ v SAZERAC**
**Case No. 1:25-cv-24568-PCH/LFL**
**SERVICE LIST**

Christopher Gold, Esq.
GOLD LAW, PA
350 Lincoln Rd., 2nd Floor
Miami Beach, FL 33139
305-900-4653
chris@chrisgoldlaw.com
*Counsel for Plaintiff and the Proposed Class*

Garrett Berg, Esq.
GARRETT BERG LAW, P.A.
555 NE 15th St., PH A
Miami, FL 33132
garrett@gberglegal.com
*Counsel for Plaintiff and the Proposed Class*

Joanne M. O'Connor
JONES FOSTER P.A.
505 South Flagler Drive, Suite 1100
West Palm Beach, FL 33401
561-659-3000
joconnor@jonesfoster.com
*Attorneys for Defendant Sazerac Company, Inc.*

Creighton R. Magid (*admitted PHV*)
Katherine E. Canning (*pro hac vice forthcoming*)
DORSEY & WHITNEY LLP
1401 New York Avenue, N.W. Suite 900
Washington, D.C. 20005
202-442-3555
magid.chip@dorsey.com
canning.katherine@dorsey.com
*Attorneys for Defendant Sazerac Company, Inc.*

#8000536 v1 32795-00003