**REDACTED VERSION**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | | |
|---|---|---|
| RAFAEL HERNANDEZ, individually and on behalf of all others similarly situated, | : | |
| Plaintiff, | : | Case No. 1:25-cv-24568-PCH |
| v. | : | CLASS ACTION |
| SAZERAC COMPANY, INC., | : | |
| Defendant. | : | |

**DEFENDANT SAZERAC COMPANY, INC.'S OPPOSITION TO PLAINTIFF'S CORRECTED RENEWED MOTION FOR CLASS CERTIFICATION**

Joanne M. O'Connor
JONES FOSTER P.A.
Florida Bar No: 498807
505 South Flagler Drive, Suite 1100
West Palm Beach, FL 33401
Telephone: (561) 659-3000
joconnor@jonesfoster.com

Creighton R. Magid (admitted *pro hac vice*)
Katherine E. Canning (*pro hac vice* application forthcoming)
DORSEY & WHITNEY LLP
1401 New York Avenue, N.W. Suite 900
Washington, D.C. 20005
Telephone: (202) 442-3555
magid.chip@dorsey.com
canning.katherine@dorsey.com

Attorneys for Defendant Sazerac Company, Inc.

Dated: October 1, 2026

**REDACTED VERSION**

## TABLE OF CONTENTS

Page


TABLE OF AUTHORITIES ..... ii

BACKGROUND ..... 1

ARGUMENT ..... 4

I. HERNANDEZ LACKS STANDING TO ASSERT CLAIMS ON BEHALF OF THE PUTATIVE CLASS. ..... 5

II. HERNANDEZ CANNOT SATISFY THE TYPICALITY OR ADEQUACY REQUIREMENTS OF RULE 23(a). ..... 7

III. HERNANDEZ FAILS TO SATISFY THE PREDOMINANCE AND SUPERIORITY REQUIREMENTS OF RULE 23(b)(3). ..... 8

A. Hernandez Cannot Establish that Putative Class Members Have Article III Standing. ..... 8

B. Hernandez's Damages Model Cannot Establish Class-Wide Damages. ..... 9

C. The Proposed Class is Administratively Infeasible. ..... 11

CONCLUSION ..... 13

REDACTED VERSION

## TABLE OF AUTHORITIES

Page

**Cases**

*Brown v. Electrolux Home Prods., Inc.*, 817 F.3d 1225 (11th Cir. 2016) .................................... 4

*Carriuolo v. General Motors Co.*, 823 F.3d 977 (11th Cir. 2016) ........................................ 8, 10

*Castano v. Am. Tobacco Co.*, 84 F.3d 734 (5th Cir. 1996)........................................................... 4

*Cherry v. Dometic Corp.*, 986 F.3d 1296 (11th Cir. 2021)................................................... 11, 12

*Coghlan v. Wellcraft Marine Corp.*, 240 F.3d 449 (5th Cir. 2001) ............................................ 10

*Comcast Corp. v. Behrend*, 569 U.S. 27 (2013) ........................................................... 4, 8, 9, 11

*Cordoba v. DIRECTV, LLC*, 942 F.3d 1259 (11th Cir. 2019)...................................................... 9

*Green-Cooper v. Brinker Int'l, Inc.*, 73 F.4th 883 (11th Cir. 2023) ........................................ 5, 11

*Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258 (2014)............................................... 4

*Heaven v. Trust Company Bank*, 118 F.3d 735 (11th Cir. 1997) ................................................. 5

*Karhu v. Vital Pharms., Inc.*, 621 Fed. Appx. 945 (11th Cir. 2015) ............................................ 5

*Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992) .................................................................... 7

*McGuire v. International Paper Co.*, No. 92–cv–593, 1994 WL 261360
(S.D. Miss. Feb.18, 1994)....................................................................................................... 12

*Mullins v. Direct Digital, LLC*, 795 F.3d 654 (7th Cir. 2015)..................................................... 12

*Pan American Properties Corp. v. Sazerac Co., Inc.*, 2025 WL 2048234
(P.R. App. June 27, 2025)......................................................................................................... 2

*Perez v. Metabolife Int'l, Inc.*, 218 F.R.D. 262 (S.D. Fla. 2003)................................................. 12

*Pickett v. Iowa Beef Processors*, 209 F.3d 1276 (11th Cir. 2020)................................................. 8

*Sazerac Co. v. Stout Brewing Co.*, No. 4:15-cv-00107 (W.D. Ky) ................................................ 2

*Schultz v. Emory University*, No. 23-12929, 2024 U.S. App. LEXIS 26513;
2024 WL 4534428 (11th Cir. Oct. 21, 2024)......................................................................... 11

*TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021) ........................................................... 5, 7, 8

**REDACTED VERSION**

*Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256 (11th Cir. 2009) .................................................... 4, 8

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) ........................................................................ 4

**Other Authorities**

IWSR, *Do consumers prefer no-alcohol over low-alcohol products?*, Apr. 29, 2021, https://www.theiwsr.com/insight/do-consumers-prefer-no-alcohol-over-low-alcohol-products/ .................................................................................................................... 9

**Rules**

Fed. R. Civ. P. 23 ........................................................................................................... passim

Fed. R. Civ. P. 23(a)(3) ........................................................................................................... 7

Fed. R. Civ. P. 23(a)(4) ........................................................................................................... 7

Fed. R. Civ. P. 23(b)(3)(D) ........................................................................................................ 11

**REDACTED VERSION**

Plaintiff Rafael Hernandez ("Hernandez") purchased [redacted] Goaded by lawyers, however, Hernandez has filed this suit and now seeks class certification.

The class should not be certified. Hernandez lacks Article III standing to serve as class representative. He fails to meet his burden of establishing all four Rule 23(a) factors. More pivotally, he fails to satisfy the predominance and superiority requirements of Rule 23(b)(3).

**BACKGROUND**

Fireball Whisky is a liqueur with a whisky-and-cinnamon flavor profile. *See* Declaration of Mark Brown ("Brown Dec.) at ¶ 4. By law in many states, including Florida, Fireball Whisky may only be sold at liquor stores (including supermarkets licensed to sell distilled spirits). *Id.* at ¶ 11. To make the whisky-and-cinnamon flavor of Fireball more convenient for consumers, Sazerac sought to offer the Fireball flavor to consumers in retail locations licensed to sell beer and other malt beverages. *Id.* Such retailers typically are closer to where consumers live or to

REDACTED VERSION

their usual travel routes and are often open at hours when liquor stores or other spirits retailers are not open. *Id*. It achieved this goal by developing a product in which the base alcohol was produced through fermentation of malted barley, hops, and grains rather than through distillation. *Id*. at ¶ 12. [redacted]

Consumers can readily differentiate between Fireball Malt and Fireball Whisky. First, the front labels on bottles of Fireball Malt identify the product as a "MALT BEVERAGE." Brown Dec. at ¶ 14. Second, [redacted] Deposition of Raphael Hernandez ("Hernandez Depo."), attached as Exhibit A to the Declaration of Creighton Magid ("Magid Dec."), at 17-20, 83. [redacted] *Id*. at 83.

As Hernandez's own testimony suggests, [redacted].[1]

[1] Hernandez's citation to a few internal Sazerac emails during the launch of Fireball Malt in 2022 does nothing to challenge this objective fact. Nor does Hernandez's reference to the Complaint in *Sazerac Co. v. Stout Brewing Co*., No. 4:15-cv-00107 (W.D. Ky), or to the opinion of the Puerto Rico Court of Appeals in *Pan American Properties Corp. v. Sazerac Co., Inc.*, 2025 WL 2048234 (P.R. App. June 27, 2025). *Stout Brewing* is a trade dress infringement case; the Complaint alleged that the defendant's packaging created the impression that its product was a Sazerac product – not that consumers would be confused by the labeling on Sazerac Malt, which had not even been introduced yet. *Pan American Properties* was a distributor termination case; that Sazerac allegedly acknowledged that "from an [unspecified] distance," the labels of

REDACTED VERSION

[redacted]

[redacted]

Hernandez has now moved for class certification. However, Hernandez does not proffer a damages model capable of measuring damages on a class-wide basis. Rather, he simply observes that 50 ml bottles of Fireball Malt and Fireball Whisky are priced more-or-less the

---

Fireball Malt and Fireball Whisky are indistinguishable says nothing about the labels when viewed by a typical consumer or consumer understanding of the different purchasing environments for distilled spirits and malt beverages.

REDACTED VERSION

same and *assumes* that all members of the putative class value Fireball Malt 50 percent less than they do Fireball Whisky because the percentage of alcohol in Fireball Malt is approximately 50 percent less than the percentage of alcohol in Fireball Whisky. *See* Corrected Renewed Motion for Class Certification at 14. Yet, as Hernandez himself has acknowledged, [redacted] one of many factors not taken into account by Hernandez's simplistic approach. Nor does Hernandez proffer any evidence of how consumers actually value Fireball Malt vis-à-vis Fireball Whisky.

## ARGUMENT

Fed. R. Civ. P. 23 "does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011) (emphasis in original). Hernandez therefore has the burden of proof and "must affirmatively demonstrate his compliance with Rule 23." *Brown v. Electrolux Home Prods., Inc.*, 817 F.3d 1225, 1234 (11th Cir. 2016) (quoting *Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013)); *see also Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 275 (2014) ("plaintiffs wishing to proceed through a class action must actually *prove*—not simply plead—that their proposed class satisfies each requirement of Rule 23, including (if applicable) the predominance requirement of Rule 23(b)(3).") (emphasis in original). "A district court must conduct a rigorous analysis of the rule 23 prerequisites before certifying a class." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1266 (11th Cir. 2009) (quoting *Castano v. Am. Tobacco Co.*, 84 F.3d 734, 740 (5th Cir. 1996)). As Hernandez acknowledges, in order for the class to be certified, he must meet his burden of establishing each of Rule 23(a)'s four requirements as well as the predominance and superiority

REDACTED VERSION

requirements of Rule 23(b)(3). *See* Corrected Renewed Motion for Class Certification at 6; *see also Karhu v. Vital Pharms., Inc.*, 621 Fed. Appx. 945 (11th Cir. 2015) ("'The burden of establishing the [requirements of certification under Rule 23] is on the plaintiff who seeks to certify the suit as a class action.'") (quoting *Heaven v. Trust Company Bank*, 118 F.3d 735, 737 (11th Cir. 1997)).

**I. HERNANDEZ LACKS STANDING TO ASSERT CLAIMS ON BEHALF OF THE PUTATIVE CLASS.**

A named plaintiff in a putative class action must have Article III standing. *Green-Cooper v. Brinker Int'l, Inc.*, 73 F.4th 883, 888 (11th Cir. 2023). Plaintiffs "must demonstrate standing for each claim that they press and for each form of relief that they seek (for example, injunctive relief and damages)." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021). Hernandez cannot meet this burden.

[redacted]

REDACTED VERSION

[redacted]

[redacted] Even then, he has expressed no injury from his past purchases of Fireball Malt. He therefore cannot meet the requirements of Article III standing "(i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the jury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion*, 594 U.S. at 423 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992)).

REDACTED VERSION

Nor can he establish standing with respect to the asserted damages. In his class certification motion, Hernandez claims that purchasers of Fireball Malt received a product worth one-half of what they paid. Again, however, Hernandez testified [redacted] Hernandez therefore lacks standing to pursue the damages theory articulated in his motion for class certification.

## II. HERNANDEZ CANNOT SATISFY THE TYPICALITY OR ADEQUACY REQUIREMENTS OF RULE 23(a).

Fed. R. Civ. P. 23(a)(3) requires that a class representative prove that his claims are typical of the claims of the class. Fed. R. Civ. P. 23(a)(4) requires a class representative to prove that he can adequately protect the interests of the class. As explained in the section above, Hernandez can establish neither.

First, to the extent that the putative class members claim that the percentage of alcohol in Fireball Malt is the sole determinant of value (which is the requisite assertion of Hernandez's damages methodology), Hernandez cannot represent the putative class because he testified [redacted]

REDACTED VERSION

[redacted] He therefore is incapable of adequately representing a putative class that claims that Fireball Malt is worth half as much as Fireball Whisky. *See, e.g., Carriuolo v. General Motors Co.*, 823 F.3d 977, 989 (11th Cir. 2016) ("a class cannot be certified when its members have opposing interests or when it consists of members who benefit from the same acts alleged to be harmful to other members of the class.") (quoting *Pickett v. Iowa Beef Processors*, 209 F.3d 1276, 1280 (11th Cir. 2020)).

## III. HERNANDEZ FAILS TO SATISFY THE PREDOMINANCE AND SUPERIORITY REQUIREMENTS OF RULE 23(b)(3).

Although Sazerac vigorously contests Hernandez's characterization of the record, and will address the paucity of evidence that consumers are at all confused by the labeling of Fireball Malt, it is Hernandez's failure to prove the elements of Rule 23(b)(3) that dooms his class certification motion.

Rule 23(b)(3)'s prominence requirement "is perhaps the central and overriding prerequisite for a Rule 23(b)(3) class." *Vega*, 564 F.3d at 1278. "Rule 23(b)(3)'s predominance criterion is even more demanding than Rule 23(a)." *Comcast*, 569 U.S. at 34.

### A. Hernandez Cannot Establish that Putative Class Members Have Article III Standing.

"Every class member must have Article III standing in order to recover individual damages." *TransUnion*, 594 U.S. at 431. Although only a class representative need establish Article III standing at the class certification stage, "unnamed class members' standing poses a powerful problem under Rule 23(b)(3)'s predominance factor." *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1273 (11th Cir. 2019). That is because "at some point before it can award any relief,

the district court will have to determine whether each member of the class has standing." *Id*. at 1274. "When this standing question is added to the mix, individualized questions may predominate over common issues susceptible to class-wide proof." *Id*. at 1275.

Hernandez presents no evidence of any damages suffered by any member of the putative class. Some members of the putative class may prefer a lower-alcohol Fireball beverage. *See, e.g.*, IWSR, *Do consumers prefer no-alcohol over low-alcohol products?*, Apr. 29, 2021, https://www.theiwsr.com/insight/do-consumers-prefer-no-alcohol-over-low-alcohol-products/ (the market for low-alcohol ready-to-drink alcoholic beverages is "growing fast" in the United States, a reflection of the "health and wellness trend"). Others may have purchased Fireball Malt knowing full well that it was a malt beverage. Others may not care what type of base alcohol is in Fireball Malt. Others, [redacted] may value convenience more than anything else. Unlike plaintiffs who purport to establish that the labeling on a product contributed to a "price premium" that would apply to *all* purchasers, whether each putative class member has standing in this litigation will require thousands of individual inquiries. Each member of the putative class "will have to provide some individualized proof that they have standing." *Cordoba*, 942 F.3d at 1275. Such individualized inquiries will predominate over any common issues susceptible to class-wide proof. *See id.*

**B. Hernandez's Damages Model Cannot Establish Class-Wide Damages.**

To satisfy Rule 23(b)(3), a plaintiff must "establish[] that damages are capable of measurement on a classwide basis." *Comcast*, 569 U.S. at 34. Absent such a showing, "[q]uestions of individual damages calculations will inevitably overwhelm questions common to the class." *Id*. To measure damages on a class-wide basis, moreover, a damages model must identify only damages that are "the result of the wrong." *Id*. at 37. Hernandez's damages model does not satisfy these requirements.

**REDACTED VERSION**

Hernandez is correct that the measure of damages in a FDUPTA action is "the value of the product as promised minus the value of the product delivered." *Carriuolo*, 823 F.3d at 986 (quoting *Coghlan v. Wellcraft Marine Corp*., 240 F.3d 449, 453 (5th Cir. 2001)). *But Hernandez has no means of establishing the value of the "product as promised" or of the "product delivered."* Instead, Hernandez merely *asserts* that the value of Fireball Malt is half of that of Fireball Whisky, based solely on the difference in the products' alcohol percentage. As Hernandez himself demonstrates, however, [redacted]

[redacted] A damages model tied only to the percentage of alcohol fails to take into account consumers' valuation of Fireball Malt, which includes [redacted], and consumers' preferences for lower-alcohol beverages, as described above. Because there is no analysis of the value Florida consumers place on Fireball Malt—or, for that matter, on less-convenient Fireball Whisky—Hernandez's crude damages model wholly fails to address the FDUPTA measure of damages. Moreover, because Hernandez's damages model does not take into consideration [redacted] on that metric, if not for the product as a whole – the model's results will be entirely untethered from damages (if any) attributable to

Hernandez's theory of the case—that the *label* is misleading. This is inconsistent with *Comcast*'s dictate that a damages model must identify only damages that are "the result of the wrong." *Comcast*, 569 U.S. at 37.

In the Eleventh Circuit, it is unnecessary to calculate actual damages, but it *is* necessary to establish that "a reliable damages methodology" exists. *Green-Cooper*, 73 F.4th at 893. Hernandez fails to demonstrate any sort of *reliable* damages methodology, and instead simply *asserts* that the value of Fireball Malt is half that of Fireball Whisky without any supporting evidence.[2]

Ultimately, it is *Hernandez*'s "burden to prove that common issues predominate over individualized ones." *Schultz v. Emory University*, No. 23-12929, 2024 U.S. App. LEXIS 26513, at *14; 2024 WL 4534428, at *6 (11th Cir. Oct. 21, 2024). Similarly, it is *Hernandez*'s "burden to show that the damages issue is *capable* of class-wide resolution." *Id.* (emphasis in original). Hernandez has not, and cannot, meet these burdens.

**C. The Proposed Class is Administratively Infeasible.**

One of the factors the court must consider in determining whether Rule 23(b)(3) has been satisfied is "the likely difficulties in managing a class action." Fed. R. Civ. P. 23(b)(3)(D). The Eleventh Circuit, in *Cherry v. Dometic Corp.*, 986 F.3d 1296 (11th Cir. 2021), explained that "administrative feasibility has relevance for Rule 23(b)(3) classes, in the light of the manageability criterion of Rule 23(b)(3)(D)." *Id.* at 1303. The court of appeals continued that "[i]f there 'appear to be unusually difficult manageability problems' at this step, a 'district

[2] It is not sufficient merely to proffer a methodology of some sort. The Supreme Court in *Comcast* emphatically rejected the notion that "at the class certification stage *any* method of measurement is acceptable so long as it can be applied classwide, no matter how arbitrary the measurements may be." *Comcast*, 569 U.S. at 36 (emphasis in original). As the Court said, "Such a proposition would reduce Rule 23(b)(3)'s predominance requirement to a nullity." *Id.*

court[] ha[s] discretion to insist on details of the plaintiff's plan for notifying the class and managing the action." *Id*. at 1304 (quoting *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 664 (7th Cir. 2015) (alterations in original).

Hernandez cannot meet his burden of satisfying Rule 23(b)(3) because identifying class members is infeasible. 50 ml bottles of Fireball Malt sell for [redacted]

Therefore, "the only evidence likely to be offered in many instances will be the putative class member's uncorroborated claim that he or she [purchased] the product." *Perez v. Metabolife Int'l, Inc.*, 218 F.R.D. 262, 269 (S.D. Fla. 2003) (Huck, J.). "[A]llowing such uncorroborated and self-serving evidence without giving Defendant an opportunity to challenge the class member's evidentiary submissions would likely implicate Defendant's due process rights." *Id*. "Thus, any written submissions that do not give the Defendant an opportunity to challenge the memory or credibility of the individual making that averment would provide inadequate procedural protection to the Defendant. Therefore, individualized mini-trials would be required even on the limited issue of class membership." *Id*. The "judicial and litigation costs of making these threshold determinations would eliminate any possibility that a class action would yield any of its intended efficiencies." *Id*. (quoting *McGuire v. International Paper Co*., No. 92–cv–593, 1994 WL 261360, at *5 (S.D. Miss. Feb.18, 1994)).

Compounding the problem is Hernandez's assertion that Fireball Malt purchasers are unable to distinguish between Fireball Malt and Fireball Whisky. If Hernandez's assertion is true, purchasers of Fireball Whisky would be as likely as purchasers of Fireball Malt to submit

REDACTED VERSION

uncorroborated claims, even though they are not included within the class definition. (If Hernandez's assertion is not true, as Sazerac contends, then Hernandez has no viable claim.)

The manageability problems with Hernandez's proposed class and the mini-trials that would be necessary to resolve them, make clear that individual issues would predominate over any common issues, that a class action is inferior to other methods of adjudication, and that Hernandez cannot satisfy the requirements of Rule 23(b)(3).

## CONCLUSION

For the reasons set forth above, Hernandez's motion for class certification should be denied.

Dated: October 1, 2026

Respectfully submitted,

JONES FOSTER P.A.

*/s/ Joanne M. O'Connor*
Joanne M. O'Connor
Florida Bar No: 498807
505 South Flagler Drive, Suite 1100
West Palm Beach, FL 33401
Telephone: (561) 659-3000
joconnor@jonesfoster.com

Creighton R. Magid (admitted *pro hac vice*)
Katherine E. Canning (*pro hac vice* application forthcoming)
DORSEY & WHITNEY LLP
1401 New York Avenue, N.W. Suite 900
Washington, D.C. 20005
Telephone: (202) 442-3555
magid.chip@dorsey.com
canning.katherine@dorsey.com

*Attorneys for Defendant Sazerac Company, Inc.*

**REDACTED VERSION**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 1, 2026, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

/s/Joanne M. O'Connor
Joanne M. O'Connor