**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No. 1:25-cv-24568-HUCK/LOUIS**

RAFAEL HERNANDEZ, individually and on behalf of all others similarly situated,

Plaintiff,

vs.

SAZERAC COMPANY, INC.,

Defendant.

CLASS ACTION

**DEFENDANT SAZERAC COMPANY, INC.'S**
**NOTICE OF COMPLIANCE AS TO EXHIBITS FILED UNDER SEAL**

Defendant Sazerac Company, Inc. ("Sazerac"), pursuant to Local Rule 5.4(b) and the Court's order granting Plaintiff leave to file under seal (ECF No. 46), hereby sets forth the bases for maintaining the documents filed by Plaintiff under seal. Good cause exists to maintain Exhibits 1, 2, 3, 5, 7, 8, 9, 10, 11, 12, 13, and 16 under seal (ECF No. 54). Sazerac notifies the Court that Plaintiff's Exhibits 4, 6, 15 and 17 are not confidential and need not be sealed.[1]

**Exhibit 1 (Bates No. SAZ-HER-00018487)**: This confidential internal Sazerac document sets forth such highly sensitive commercial information as cost per unit, landed cost per unit, distributor profit per unit, distributor margin per unit, retailer profit per unit, retailer margin per unit, and retailer markup per unit for each bottle size sold by Sazerac. Disclosure of such information would cause significant competitive harm to Sazerac, as it would provide important competitive information to Sazerac's competitors regarding Sazerac's cost and margin structure, would allow Sazerac's competitors to compete unfairly with Sazerac by pricing against Sazerac's cost and margin structure, and would alienate Sazerac's distribution network by revealing

[1] Plaintiff did not seek to file Exhibit 14 under seal. See ECF Nos. 44, 46.

information that retailers could use to negotiate a greater share of profit margins from distributors. Sazerac's proprietary interest in such sensitive financial information "overcomes the public's interest in accessing the information." *Romero v. Drummond Co*., 480 F.3d 1234, 1246 (11th Cir. 2007); *see also Barkley v. Pizza Hut of Am., Inc*., 2015 U.S. Dist. LEXIS 137682, *8, 2015 WL 5915817, at *3 (M.D. Fla. Oct. 8, 2015) (sealing "competitively sensitive information"). There is no less restrictive means of protecting the information as almost all of the document would be redacted.

**Exhibit 2 (Bates No. SAZ-HER-00060620-21):** This confidential internal strategy email involves a discussion of potential public statements. Sazerac's interest in the confidentiality of such internal and sensitive strategic discussions outweighs the public's right of access. *See, e.g., Florida Virtual School v. K12, Inc*., 2023 U.S. Dist. LEXIS 54187, *3, 2023 WL 2691610, at *1 (M.D. Fla. Mar. 29, 2023). There is no less restrictive means of protecting the information, as almost all of the document would be redacted.

**Exhibit 3 (Bates No. SAZ-HER -00020066-68):** This confidential internal strategy document identifies potential retailers for Sazerac's malt-based products in Florida, an analysis of the potential number of retailers that could sell the product, and identification of the market representatives assigned to target various potential retail customers. Sazerac's interest in the confidentiality of such internal and sensitive strategic discussions outweighs the public's right of access. *See, e.g., Barkley v. Pizza Hut of Am., Inc*., 2015 U.S. Dist. LEXIS 137682, *8, 2015 WL 5915817, at *3 (M.D. Fla. Oct. 8, 2015) (sealing documents concerning trade areas and specific retailers); *Florida Virtual School v. K12, Inc*., 2023 U.S. Dist. LEXIS 54187, *3, 2023 WL 2691610, at *1 (M.D. Fla. Mar. 29, 2023). There is no less restrictive means of protecting the information, as almost all of the document would be redacted.

**Exhibit 4 (Answers to First Set of Interrogatories):** The interrogatory answers are not themselves confidential and need not be sealed.

**Exhibit 5 (Bates No. SAZ-HER -00140298-140302):** This confidential internal strategy document involves strategic discussions regarding what to include on Sazerac's website. Sazerac's interest in the confidentiality of such internal and sensitive strategic discussions outweighs the public's right of access. *See, e.g., Florida Virtual School v. K12, Inc.*, 2023 U.S. Dist. LEXIS 54187, *3, 2023 WL 2691610, at *1 (M.D. Fla. Mar. 29, 2023) (internal documents concerning marketing, branding, financial information; competitive strategies, business decisions, and confidential product information all warrant sealing). There is no less restrictive means of protecting the information, as almost all of the document would be redacted.

**Exhibit 6 (Responses to First Set of Requests for Production):** The responses are not themselves confidential and need not be sealed.

**Exhibit 7 (Bates No. SAZ-HER -00126127-28):** This email chain is a confidential communication between Sazerac and one of its customers. Disclosure of the document would provide Sazerac's competitors with personally identifiable information, including phone number and address, of the consumer, would provide competitors with valuable insights into Sazerac's dealings with its customers, and would provide Sazerac's competitors with a marketing advantage without being constrained by Ms. Gaines's explanation for her word choice. There is no less restrictive means of protecting the information, as almost all of the document would be redacted.

**Exhibit 8 (Bates No. SAZ-HER-00127980-82):** This confidential internal email string involves strategic discussions regarding consumer reactions to the introduction of Fireball Malt. Sazerac's interest in the confidentiality of such internal and sensitive strategic discussions

outweighs the public's right of access. *See, e.g., Florida Virtual School v. K12, Inc*., 2023 U.S. Dist. LEXIS 54187, *3, 2023 WL 2691610, at *1 (M.D. Fla. Mar. 29, 2023) (internal documents concerning marketing, branding, financial information; competitive strategies, business decisions, and confidential product information all warrant sealing). There is no less restrictive means of protecting the information, as almost all of the email string would be redacted.

**Exhibit 9 (Bates No. SAZ-HER-0003683):** This internal spreadsheet sets forth every consumer comment regarding Fireball Malt. Disclosure of this commercially sensitive information would cause significant competitive harm to Sazerac, as it would provide important competitive insights to Sazerac's competitors. Sazerac's interest in the confidentiality of such internal and sensitive strategic discussions outweighs the public's right of access. *See, e.g., Florida Virtual School v. K12, Inc*., 2023 U.S. Dist. LEXIS 54187, *3, 2023 WL 2691610, at *1 (M.D. Fla. Mar. 29, 2023) (internal documents concerning marketing, branding, financial information; competitive strategies, business decisions, and confidential product information all warrant sealing). There is no less restrictive means of protecting the information, as almost all of the document would be redacted.

**Exhibit 10 (Bates No. SAZ-HER-00128191-96):** Like Exhibit 9, this internal spreadsheet sets forth consumer comments regarding Fireball Malt. Disclosure of this commercially sensitive information would cause significant competitive harm to Sazerac, as it would provide important competitive insights to Sazerac's competitors. Sazerac's interest in the confidentiality of such internal and sensitive strategic discussions outweighs the public's right of access. *See, e.g., Florida Virtual School v. K12, Inc*., 2023 U.S. Dist. LEXIS 54187, *3, 2023 WL 2691610, at *1 (M.D. Fla. Mar. 29, 2023) (internal documents concerning marketing, branding, financial information; competitive strategies, business decisions, and confidential product information all

warrant sealing). There is no less restrictive means of protecting the information, as almost all of the document would be redacted.

**Exhibit 11 (Bates No. SAZ-HER-00128724-26; SAZ-HER-00127104-07; SAZ-HER-00125375-81):** These email strings are comprised of a proprietary internal analysis of weekly complaints for a variety of Sazerac products as well as internal executive discussions regarding the significance of the weekly report. Disclosure of this commercially sensitive information would cause significant competitive harm to Sazerac, as it would provide important competitive insights to Sazerac's competitors and would chill confidential internal communications. Sazerac's interest in the confidentiality of such internal and sensitive strategic discussions outweighs the public's right of access. *See, e.g., Florida Virtual School v. K12, Inc*., 2023 U.S. Dist. LEXIS 54187, *3, 2023 WL 2691610, at *1 (M.D. Fla. Mar. 29, 2023) (internal documents concerning marketing, branding, financial information; competitive strategies, business decisions, and confidential product information all warrant sealing). There is no less restrictive means of protecting the information, as almost all of the email strings would be redacted.

**Exhibit 12 (Bates No. SAZ-HER-00125444-47):** This email string is comprised of a proprietary internal analysis of weekly complaints for a variety of Sazerac products as well as internal executive discussions regarding the significance of the weekly report with respect to a product *other than* Fireball Malt. Disclosure of this commercially sensitive information would cause significant competitive harm to Sazerac, as it would provide important competitive insights to Sazerac's competitors and would chill confidential internal communications. Sazerac's interest in the confidentiality of such internal and sensitive strategic discussions outweighs the public's right of access. *See, e.g., Florida Virtual School v. K12, Inc*., 2023 U.S. Dist. LEXIS 54187, *3, 2023 WL 2691610, at *1 (M.D. Fla. Mar. 29, 2023) (internal documents

concerning marketing, branding, financial information; competitive strategies, business decisions, and confidential product information all warrant sealing). There is no less restrictive means of protecting the information, as almost all of the email strings would be redacted.

**Exhibit 13 (Bates No. SAZ-HER-00158989):** This highly sensitive document sets forth monthly sales volumes of each package size of Fireball Malt from 2021 through 2025. Disclosure of this commercially sensitive information would cause significant competitive harm to Sazerac, as it would reveal Sazerac's sales volumes to competitors. Sazerac's interest in the confidentiality of such "competitively sensitive information" outweighs the public's right of access. *See Barkley v. Pizza Hut of Am., Inc*., 2015 U.S. Dist. LEXIS 137682, *8, 2015 WL 5915817, at *3 (M.D. Fla. Oct. 8, 2015) (sealing "competitively sensitive information" regarding markets and sales); *Florida Virtual School v. K12, Inc*., 2023 U.S. Dist. LEXIS 54187, *3, 2023 WL 2691610, at *1 (M.D. Fla. Mar. 29, 2023). There is no less restrictive means of protecting the information, as almost all of the document would be redacted.

**Exhibit 15 (Supplemental Response to Request for Production):** The response itself is not confidential and need not be sealed.

**Exhibit 16 (Bates No. SAZ-HER-00127185; SAZ-HER-00128005-08):** These are confidential and commercially sensitive internal trend analysis of consumer complaints for Sazerac's entire product line. Disclosure of this commercially sensitive information would cause significant competitive harm to Sazerac, as it would provide important competitive insights to Sazerac's competitors. Sazerac's interest in the confidentiality of such internal and sensitive strategic discussions outweighs the public's right of access. *See, e.g., Florida Virtual School v. K12, Inc*., 2023 U.S. Dist. LEXIS 54187, *3, 2023 WL 2691610, at *1 (M.D. Fla. Mar. 29, 2023) (internal documents concerning marketing, branding, financial information; competitive strategies,

business decisions, and confidential product information all warrant sealing). There is no less restrictive means of protecting the information, as almost all of the email strings would be redacted.

**Exhibit 17 (Supplemental Answer to First Set of Interrogatories):** The answer itself is not confidential and need not be sealed.

Dated: October 20, 2026

Respectfully submitted,

JONES FOSTER P.A.

*/s/ Joanne M. O'Connor*
Joanne M. O'Connor
Florida Bar No: 498807
505 South Flagler Drive, Suite 1100
West Palm Beach, FL 33401
Telephone: (561) 659-3000
joconnor@jonesfoster.com

Creighton R. Magid (admitted *pro hac vice*)
DORSEY & WHITNEY LLP
1401 New York Avenue, N.W. Suite 900
Washington, D.C. 20005
Telephone: (202) 442-3555
magid.chip@dorsey.com
canning.katherine@dorsey.com

*Attorneys for Defendant Sazerac Company, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on October 20, 2026, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

By: /s/Joanne M. O'Connor
Joanne M. O'Connor

**HERNANDEZ v SAZERAC**
**Case No. 1:25-cv-24568-HUCK/LOUIS**
**SERVICE LIST**

Christopher Gold, Esq.
GOLD LAW, PA
350 Lincoln Rd., 2nd Floor
Miami Beach, FL 33139
305-900-4653
chris@chrisgoldlaw.com
*Counsel for Plaintiff and the Proposed Class*

Garrett Berg, Esq.
GARRETT BERG LAW, P.A.
555 NE 15th St., PH A
Miami, FL 33132
garrett@gberglegal.com
*Counsel for Plaintiff and the Proposed Class*

Joanne M. O'Connor
JONES FOSTER P.A.
505 South Flagler Drive, Suite 1100
West Palm Beach, FL 33401
561-659-3000
joconnor@jonesfoster.com
*Attorneys for Defendant Sazerac Company, Inc.*

Creighton R. Magid (*admitted PHV*)
Katherine E. Canning (*pro hac vice forthcoming*)
DORSEY & WHITNEY LLP
1401 New York Avenue, N.W. Suite 900
Washington, D.C. 20005
202-442-3555
magid.chip@dorsey.com
canning.katherine@dorsey.com
*Attorneys for Defendant Sazerac Company, Inc.*