**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:25-cv-24568-PCH

RAFAEL HERNANDEZ, individually and
on behalf of all others similarly situated,

Plaintiff,

v.

SAZERAC COMPANY, INC.,

Defendant.
_________________________________/

**ORDER**

**THIS CAUSE** is before the Court on Plaintiff's Motion to Compel Discovery. (ECF No. 29). The undersigned convened a hearing on this Motion on August 25, 2026. Based upon the Parties' briefing and the arguments advanced in open court, and as set forth below, Plaintiff's Motion was **GRANTED in part** and **DENIED in part**. This Order memorializes but does not alter or amend the rulings made in court.

## I. DISCUSSION

Following the filing of this Motion, Plaintiff acknowledged that Defendant had substantially supplemented its document production, resolving some of the issues raised in the Motion. Accordingly, the hearing addressed only those issues that remained outstanding.

### a. Requests for Production

Plaintiff's Request for Production Nos. 3–6 seek documents concerning the development, marketing, and strategic rationale for Fireball Malt, including market and competitive analyses, as

well as documents relating to the packaging, labeling, and trade dress of Fireball Malt and Fireball Whiskey. Defendant objected, seeking to limit production to materials applicable to the Florida market, or generally applicable to the products, including in Florida. At the hearing, Defendant represented that it had produced documents consistent with that limitation. Plaintiff countered that the limitation was improper, arguing that the product's development and marketing may omit explicit references to Florida despite the product being sold there. Defendant clarified that it would produce all general product information applicable to any market, including Florida. Because Defendant clearly defined its production scope and confirmed that all relevant materials within that scope were produced, Plaintiff's motion to compel is denied.

Request No. 9 sought internal documents reflecting discussions, objections, or concerns regarding the similarities between Fireball Malt and Fireball Whiskey, the adequacy of their differentiation, and the potential for consumer confusion between the two products. Defendant must amend its response to Request for Production No. 9 within twenty-one (21) days by identifying responsive documents by Bates number.[1]

Plaintiff's Request for Production No. 22 asks for sales data for Fireball Malt from any third-party source. Defendant objected, arguing that its license agreement contractually prohibited producing that information. Defendant's objection was overruled as Defendant failed to meet its burden. This specific objection was not substantiated by, for example, attaching either a declaration attesting to this proffer or a copy of the agreement on which the objection is predicated.

Request for Production No. 43 seeks physical samples of all variations of Fireball Malt sold or distributed in Florida during the class period, along with comparable Fireball Whiskey

[1] Plaintiff withdrew Request Nos. 14–16, agreeing that the Court's ruling on Request No. 9 satisfied them.

products, to inspect and compare their labeling, packaging, and physical characteristics. Defendant objected on the grounds that the requested products are commercially available, restrictions on the shipment of alcoholic beverages prevent compliance, and the request is disproportionate to the needs of the case. Defendant further disputes Plaintiff's stated need to inspect the products. Defendant's objections were overruled; Defendant shall produce the requested samples.

Plaintiff's Request for Production No. 33[2] originally sought all discovery materials—including documents, deposition transcripts, exhibits, declarations, expert reports, and written responses—served or received by Defendant in parallel litigation. At the hearing, Plaintiff withdrew its request for expert reports and disclosures but separately requested the transcript of a preliminary injunction hearing held in Puerto Rico state court. Although discovery from related litigation may be relevant, Request No. 33 is overly broad insofar as it seeks wholesale production of documents without adequately tailoring the request to the claims at issue in this case. *See Strickland v. Tristar Prods., Inc.*, No. CV416-051, 2017 WL 2874621, at *1 (S.D. Ga. July 5, 2017) (denying without prejudice a motion to compel production of documents from ten identified cases where the plaintiff sought "all" documents). However, the request for the Puerto Rico preliminary injunction hearing transcript identifies a discrete proceeding rather than a wholesale demand for discovery materials. Defendant's objection on relevance grounds with respect to this transcript is overruled.

**b. Interrogatories**

Interrogatory No. 4 requested Defendant to identify monthly and yearly sales data—including SKU, bottle size, packaging variation, unit volume, gross revenue, trade spend, and net

[2] The Court did not rule on Request for Production No. 33 during the hearing but instead took the matter under advisement.

revenue—for Fireball Malt sold in Florida during the class period. Defendant represented that it would provide the requested information upon the entry of a suitable Protective Order. At the hearing, defense counsel confirmed that an Order is now in place and that responsive documents have been produced. However, defense counsel acknowledged that the response to this interrogatory had not yet been amended. Accordingly, Defendant shall amend and verify its answer to Interrogatory No. 4 within fourteen (14) days in compliance with Rule 33(d). The amended answer must specifically identify by Bates number the documents reflecting the total units sold and gross revenue for each bottle size of malt sold in Florida during the class period. Plaintiff's counsel agreed that this resolution satisfies the dispute as to Interrogatory No. 4.

Further, Defendant shall amend its answer to Interrogatory No. 15 to identify the pending litigation in the District Court for the District of Puerto Rico.

Plaintiff's Motion is denied as withdrawn regarding Interrogatory Nos. 5 and 7, which counsel withdrew in open court.

Defendant is **ORDERED** to comply with this Order within fourteen days, unless otherwise stated.

**DONE AND ORDERED** in open court at Miami, Florida, this 25th day of August, 2026.

LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE