**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

RAFAEL HERNANDEZ, individually and on behalf of all others similarly situated,

Case No. 1:25-cv-24568-PCH/LFL

Plaintiff,

v.

SAZERAC COMPANY, INC.,

Defendant.
________________________________________/

**PLAINTIFF'S EXPEDITED MOTION FOR PROTECTIVE ORDER LIMITING THE DEPOSITION OF NON-PARTY SPENCER SHEEHAN AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff Rafael Hernandez, under Federal Rule of Civil Procedure 26(c)(1) and Local Rules 7.1(d)(2) and 26.1(g), moves for a protective order barring Defendant Sazerac Company, Inc. from questioning non-party attorney Spencer Sheehan about the contents of his confidential communications with Plaintiff, and limiting that deposition to the non-privileged facts Defendant says it needs. Plaintiff does not ask the Court to stop the deposition. He asks the Court to draw the line the Florida Evidence Code already draws: Defendant may ask when Mr. Sheehan and Plaintiff spoke, who called whom, and how Plaintiff came to be referred to his counsel, but not what was said.

**RULING REQUESTED BY TUESDAY, NOVEMBER 10, 2026**

Defendant has announced that it will depose Mr. Sheehan by video on Wednesday, November 11, 2026, at 3:00 p.m. ET, and has refused to agree that it will not ask about the contents of his communications with Plaintiff. Ex. A (Nov. 6, 2026 email exchange). Once those questions are put and answered, the privilege cannot be restored. Plaintiff therefore respectfully requests a ruling by Tuesday, November 10, 2026, or, alternatively, an order postponing the deposition until the Court rules. S.D. Fla. L.R. 7.1(d)(2). Plaintiff moved the same day Defendant took its final position.

## I. BACKGROUND

This is a single-count FDUTPA class action, in this Court on diversity jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d). ECF No. 1 ¶¶ 12–13. Mr. Sheehan is not counsel of record here. He is a New York lawyer who represented Plaintiff, with other counsel, in *Hernandez v. HP Inc.*, No. 1:22-cv-23482 (S.D. Fla.), which concluded in 2023. Ex. B (Sheehan Decl.) ¶¶ 1–2.

On August 24, 2025, Mr. Sheehan called Plaintiff about a potential claim concerning the product at issue in this action, then sent text messages to Plaintiff and to undersigned counsel so they could speak directly. *Id.* ¶¶ 3–4. Plaintiff retained undersigned counsel. Mr. Sheehan does not represent Plaintiff in this action and has no fee-sharing or referral agreement with undersigned counsel. *Id.* ¶¶ 8–9.

At his September 26, 2026 deposition, Plaintiff testified that he responded to a social-media advertisement, submitted his contact information, received a call from a law firm that told him it would refer him to undersigned counsel, and was then contacted by undersigned counsel. Ex. C (Hernandez Dep.) 70:6–73:19.

On September 30, 2026, Defendant served a subpoena duces tecum on Sheehan & Associates, P.C. seeking, among other things, "[a]ll communications between You and Plaintiff" and all documents related to its "referral of Plaintiff." Ex. D (Subpoena), Att. A, Req. Nos. 4–7. Mr. Sheehan responded with the declaration and with the text messages described in it, which Plaintiff permitted him to disclose. Ex. B ¶¶ 5–6.

On November 6, 2026, Defendant's counsel advised that Mr. Sheehan would sit for a deposition on November 11. Ex. A. Undersigned counsel asked Defendant to confirm that it would not ask about the contents of Mr. Sheehan's communications with Plaintiff. *Id.* Defendant refused, taking the position that the August 2025 call "wasn't privileged" because (1) Mr. Sheehan is not licensed in Florida, (2) Plaintiff was not a "client" because Mr. Sheehan initiated the call, and (3) the call was not confidential because the declaration discloses that it took place. *Id.* Defendant closed: "The deposition will go forward." *Id.*

## II. LEGAL STANDARD

"A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending," and the Court may, for good cause, "forbid[] inquiry into certain matters, or limit[] the scope of disclosure or discovery to certain matters." Fed. R. Civ. P.

26(c)(1), (c)(1)(D). Discovery reaches only "nonprivileged matter." Fed. R. Civ. P. 26(b)(1). Because state law supplies the rule of decision on Plaintiff's only claim, Florida law governs the privilege. Fed. R. Evid. 501.

Under Florida law, "[a] client has a privilege to refuse to disclose, and to prevent any other person from disclosing, the contents of confidential communications when such other person learned of the communications because they were made in the rendition of legal services to the client." Fla. Stat. § 90.502(2). The privilege exists to protect candor between lawyer and client. *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981) ("Its purpose is to encourage full and frank communication between attorneys and their clients and thereby promote broader public interests in the observance of law and administration of justice.").

## III. ARGUMENT

### A. Each of Defendant's three objections is answered by the text of section 90.502.

#### 1. Mr. Sheehan is a "lawyer."

Defendant contends that a communication is privileged only if it is with "a Florida-licensed lawyer." Ex. A. The statute says the opposite: "A 'lawyer' is a person authorized, or reasonably believed by the client to be authorized, to practice law *in any state or nation*." Fla. Stat. § 90.502(1)(a) (emphasis added). Nothing in the definition ties the lawyer's license to the forum of a future lawsuit. Defendant's narrower version, that a lawyer cannot qualify "with respect to this particular action" because "the contemplated action was in Florida," Ex. A, adds a limitation the Legislature did not write. Mr. Sheehan is a licensed attorney, and he had already represented Plaintiff in a case in this District. Ex. B ¶ 1.

#### 2. Plaintiff is a "client."

A "client" is any person "who consults a lawyer with the purpose of obtaining legal services or who is rendered legal services by a lawyer." Fla. Stat. § 90.502(1)(b). Florida courts read that definition from the client's side: the question is "what the client intended," not "what the lawyer d[id]." *Dean v. Dean*, 607 So. 2d 494, 497 (Fla. 4th DCA 1992). And the privilege "does not turn on the client actually hiring or engaging the attorney; it is enough if the client merely consulted the attorney about a legal question 'with the view to employing [the attorney] professionally . . .

although the attorney is not subsequently employed.'" *Id.* (quoting *Keir v. State*, 11 So. 2d 886, 888 (Fla. 1943)).

A discussion between a lawyer and his former client about whether the client has a claim, and whether he will pursue it as a class representative, is a consultation "with the purpose of obtaining legal services" in every sense of the phrase. That Mr. Sheehan placed the call changes nothing, because the statute looks to the client's purpose, not to who dialed. *Dean*, 607 So. 2d at 497. Courts applying materially identical privilege statutes have held that consumers who respond to a law firm's outreach about a potential class action are prospective clients whose communications are privileged, even when the firm, not the client, initiated the contact, no engagement follows, and the firm itself disclaimed an attorney-client relationship. *Barton v. U.S. Dist. Ct.*, 410 F.3d 1104, 1106, 1110–11 (9th Cir. 2005) ("the phrase does not mean that the lawyer has to take the person on as a client before the privilege applies, because the word 'client' is defined to mean a person who consults a lawyer for the purposes of 'retaining the lawyer,' 'securing legal service,' or securing 'advice.'"); *Ulrich v. GM LLC*, 2026 U.S. Dist. LEXIS 13218, at *34 (S.D.N.Y. Jan. 23, 2026) (quashing subpoena for questionnaires prospective class members submitted in response to a class-action solicitation; "[t]he questionnaires themselves are protected communications").

Nor does it matter that Mr. Sheehan "is not representing Plaintiff in this Action." Ex. B ¶ 8. The definition covers one who "consults" a lawyer, not only one who retains him, Fla. Stat. § 90.502(1)(b), and a consultation that ends in a referral to other counsel is still a consultation. *Dean*, 607 So. 2d at 497.

**3. Disclosing that a call occurred does not disclose its contents.**

Defendant argues that the call was not confidential because the declaration discloses it. Ex. A. But the privilege protects "the contents of confidential communications," Fla. Stat. § 90.502(2), not the fact that a communication took place. The Third District draws exactly this line. In *Coffey-Garcia v. South Miami Hospital, Inc.*, 194 So. 3d 533 (Fla. 3d DCA 2016), the court allowed questions about the names of the attorneys the plaintiff consulted and the dates of those consultations, because they "merely require her to disclose the occurrence of a consultation with a lawyer regarding a general topic," *id.* at 537–38, but quashed the order to the extent it reached why she sought out subsequent counsel, because the answer would reveal "the contents of advice or information she received from the attorneys," *id.* at 538–39. *See also Upjohn*, 449 U.S. at 395–96

(privilege protects communications, not underlying facts). Mr. Sheehan's declaration states when the call occurred and who placed it. It says nothing about what was said. Ex. B ¶¶ 3–4. The contents remain confidential.

### B. Plaintiff has not waived the privilege.

The privilege belongs to the client, and only the client can waive it. Fla. Stat. §§ 90.502(3), 90.507. Mr. Sheehan may claim it only "on behalf of the client," Fla. Stat. § 90.502(3)(e), and nothing he said in his declaration could waive it for Plaintiff. Plaintiff has not waived it.

Plaintiff anticipates that Defendant will point to two disclosures: Plaintiff's deposition testimony that the firm he spoke with said it would refer him to undersigned counsel, Ex. C 73:1–19, and the logistics text messages Plaintiff allowed Mr. Sheehan to produce, Ex. B ¶¶ 4–6. Neither opens the door. Because both were made in this federal proceeding, Federal Rule of Evidence 502(a) governs their effect "even if state law provides the rule of decision." Fed. R. Evid. 502(f). A disclosure waives only what was disclosed and extends to undisclosed communications only if "(1) the waiver is intentional; (2) the disclosed and undisclosed communications or information concern the same subject matter; and (3) they ought in fairness to be considered together." Fed. R. Evid. 502(a). Subject-matter waiver is reserved for "unusual situations in which fairness requires a further disclosure of related, protected information, in order to prevent a selective and misleading presentation of evidence to the disadvantage of the adversary." *Hominski v. Gusar, LLC*, No. 24-CV-21590-ELFENBEIN, 2025 U.S. Dist. LEXIS 213785, at *9 (S.D. Fla. Oct. 29, 2025) (quoting Fed. R. Evid. 502 advisory committee's note) (limiting waiver to the specific communications disclosed). Plaintiff's answers to Defendant's own questions about how he was introduced to counsel, and texts arranging a phone call, present nothing selective or misleading. Plaintiff does not rely on anything Mr. Sheehan told him to prove any claim or to support class certification.

### C. The requested order is narrow and leaves Defendant every fact it says it needs.

In conferral, Defendant gave one reason for deposing Mr. Sheehan: Plaintiff "testified that he responded to a social media post," while Mr. Sheehan's declaration states that he called Plaintiff. Ex. A. Plaintiff disagrees that the two accounts conflict: Plaintiff testified that, after submitting his information, he received a call from a firm. Ex. C 73:1–7. Either way, a party "cannot be permitted access to a communication that a plaintiff made confidentially to his lawyer in order to compare it to what the same individual said at a deposition." *Barton*, 410 F.3d at 1112.

Plaintiff does not ask the Court to resolve the supposed conflict. The proposed order lets Defendant ask Mr. Sheehan about every fact bearing on it: whether, when, and how he and Plaintiff communicated; who initiated each communication; whether Plaintiff submitted a form or other response to any advertisement by Mr. Sheehan's firm, and if so which advertisement and when; and whether any fee, referral, or other agreement exists. Those are the "names . . . and dates of consultation" that *Coffey-Garcia* allows. 194 So. 3d at 537–38. *See also Ulrich*, 2026 U.S. Dist. LEXIS 13218, at *34 (permitting discovery of respondents' names and submission dates while quashing as to the questionnaires' contents).

What the order forbids is the content of the conversation: what Mr. Sheehan and Plaintiff said to each other about Plaintiff's potential claims, the product, this action, Plaintiff's possible service as a class representative, and the reasons for the referral. That is the same line *Coffey-Garcia* drew when it refused to let a party ask why the plaintiff moved from one lawyer to another. 194 So. 3d at 538–39. A party's interest in the information, even a genuine one, "does not justify an invasion of the privilege." *Id.* at 539.

Defendant has said that it has no "intention of inquiring into privileged matters." Ex. A. The order costs Defendant nothing if that is so. But because Defendant also takes the position that nothing about the call is privileged, *id.*, an order is needed so that the line is drawn before the questions are asked, rather than by a series of instructions not to answer and a second round of motion practice.

## IV. CONCLUSION

Plaintiff respectfully requests that the Court enter the proposed order filed with this Motion and: (1) prohibit Defendant, at any deposition of Spencer Sheehan or Sheehan & Associates, P.C., from inquiring into the contents of any communication between Mr. Sheehan (or anyone acting for his firm) and Plaintiff concerning Plaintiff's potential claims, the product at issue, this action, Plaintiff's possible service as a class representative, legal advice, or the reasons for or substance of any referral; (2) permit inquiry into the non-privileged facts described in Section III.C; (3) limit the deposition to one hour, by remote means; (4) postpone the deposition until the Court rules on this Motion, if the Court cannot rule by November 10, 2026; and (5) award Plaintiff his reasonable expenses under Federal Rule of Civil Procedure 26(c)(3) and 37(a)(5)(A).

**LOCAL RULE 7.1(a)(3) CERTIFICATION**

Undersigned counsel certifies that he conferred with counsel for Defendant in a good-faith effort to resolve the issues raised in this Motion by email on November 6, 2026, and that the parties were unable to resolve them. Defendant opposes the relief requested.

Dated: November 6, 2026

Respectfully submitted,

*/s/ Christopher Gold*
Christopher Gold, Esq.
Florida Bar No. 088733
**GOLD LAW, P.A.**
350 Lincoln Road, 2nd Floor
Miami Beach, FL 33139
Telephone: (305) 900-4653
Email: chris@chrisgoldlaw.com

*Counsel for Plaintiff and the Proposed Class*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the date set forth above, a true and correct copy of the foregoing was filed with the Clerk of Court using the CM/ECF system, which will serve a copy upon all counsel of record.

*/s/ Christopher Gold*
Christopher Gold, Esq.