**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**Case No. 1:25-cv-24568-HUCK/LOUIS**

| | | |
|---|---|---|
| RAFAEL HERNANDEZ, individually and on behalf of all others similarly situated, | : | |
| Plaintiff, | : | |
| v. | : | CLASS ACTION |
| SAZERAC COMPANY, INC., | : | |
| Defendant. | : | |

**DEFENDANT SAZERAC COMPANY, INC.'S SUPPLEMENTAL BRIEF IN OPPOSITION TO PLAINTIFF'S CORRECTED RENEWED MOTION FOR CLASS CERTIFICATION**

Joanne M. O'Connor
JONES FOSTER P.A.
Florida Bar No: 498807
505 South Flagler Drive, Suite 1100
West Palm Beach, FL 33401
Telephone: (561) 659-3000
joconnor@jonesfoster.com

Creighton R. Magid (admitted *pro hac vice*)
Katherine E. Canning (*pro hac vice* application forthcoming)
DORSEY & WHITNEY LLP
1401 New York Avenue, N.W. Suite 900
Washington, D.C. 20005
Telephone: (202) 442-3555
magid.chip@dorsey.com
canning.katherine@dorsey.com

Attorneys for Defendant Sazerac Company, Inc.

Dated: November 9, 2026

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ............ ii

I. INDIVIDUAL QUESTIONS REGARDING PUTATIVE CLASS MEMBERS' STANDING OVERWHELM ANY COMMON QUESTIONS. ............ 1

II. INDIVIDUAL DAMAGES QUESTIONS OVERWHELM ANY COMMON QUESTIONS. ............ 5

CONCLUSION ............ 9

# TABLE OF AUTHORITIES

Page

**Cases**

*Amchem Prods. v. Windsor*, 521 U.S. 591 (1997) .................... 5

*Barnes v. American Tobacco Co.*, 161 F.3d 127 (3d Cir.1998) .................... 9

*Brown v. Electrolux Home Prods., Inc.*, 817 F.3d 1225 (11th Cir. 2016) .................... 8

*Carrera v. Bayer Corp.*, 727 F.3d 300 (3d Cir. 2013) .................... 5

*Carriuolo v. General Motors Co.*, 823 F.3d 977 (11th Cir. 2016) .................... 6, 7

*Castano v. Am. Tobacco Co.*, 84 F.3d 734 (5th Cir. 1996) .................... 8

*City First Mortg. Corp. v. Barton*, 988 So. 2d 82 (Fla. Dist. Ct. App. 2008) .................... 6

*Coghlan v. Wellcraft Marine Corp.*, 240 F.3d 449 (5th Cir. 2001) .................... 6

*Comcast Corp. v. Behrend*, 569 U.S. 27 (2013) .................... 8

*Cordoba v. DIRECTV, LLC*, 942 F.3d 1259 (11th Cir. 2019) .................... 1, 2

*Fitzpatrick v. Gen. Mills, Inc.*, 635 F.3d 1279 (11th Cir. 2011) .................... 7

*Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258 (2014) .................... 8

*In re Amer. Med. Sys., Inc.*, 75 F.3d 1069 (6th Cir.1996) .................... 4

*Kemp v. Metabolife Int'l Inc.*, No. CIV 00–3513, 2002 WL 113894 (E.D. La. Jan. 25, 2002) ...... 4

*Klay v. Humana, Inc.*, 382 F.3d 1241 (11th Cir. 2004) .................... 7, 8

*Lindsey v. Normet*, 405 U.S. 56 (1972) .................... 4

*Lujan v. Defs. Of Wildlife*, 504 U.S. 555 (1992) .................... 1

*Marcus v. BMW of N. Am., LLC*, 687 F.3d 583 (3d Cir. 2012) .................... 2

*Perez v. Metabolife Int'l, Inc.*, 218 F.R.D. 262 (S.D. Fla. 2003) .................... 3, 4, 9

*R.I. Off. of the Gen. Treasurer v. Boeing Co.*, 182 F.4th 422 (4th Cir. 2026) .................... 9

*Rollins, Inc. v. Butland*, 951 So. 2d 860, 874-75 (Fla. 2d Dist. Ct. App. 2006) .................... 4

*Tershakovec v. Ford Motor Co.*, 79 F.4th 1299 (11th Cir. 2023) .................... 4

*TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021) ........................................................................ 1

*Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256 (2009) .................................................................. 7, 8

*Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011) .................................................................. 4

**Other Authorities**

U.S. Const. amend. XIV ........................................................................................................ 4

**Rules**

Fed. R. Civ. P. 23(b)(3)......................................................................................................... 1

Plaintiff's class certification motion must be denied for failure to satisfy the predominance requirement of Fed. R. Civ. P. 23(b)(3), both because the Article III standing of each putative class member would have to be determined individually and because each putative class member's damages, if any, would have to be determined individually. The massive number of required individual inquiries overwhelms any questions common to the putative class. Consequently, Plaintiff cannot meet his burden of establishing the common issues predominate as Rule 23 (b)(3) requires.

## I. INDIVIDUAL QUESTIONS REGARDING PUTATIVE CLASS MEMBERS' STANDING OVERWHELM ANY COMMON QUESTIONS.

"Every class member must have Article III standing in order to recover individual damages." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021). Before the court may award any class-wide relief, it "will have to determine whether *each member* of the class has standing." *Cordoba v. DIRECTV, LLC*, 942 F.3d 1259, 1274 (11th Cir. 2019) (emphasis added). The issue of "unnamed class members' standing poses a powerful problem under Rule 23(b)(3)'s predominance factor," *id*. at 1273, because "individualized questions may predominate over common issues susceptible to class-wide proof." *Id*. at 1275.

In order to have Article III standing, each and every member of the putative class would have to establish that "he suffered an 'injury in fact' that is 'concrete and particularized' and 'actual or imminent'; that injury must be 'fairly traceable to the challenged action of the defendant'; and it must be 'likely . . . that the injury will be redressed by a favorable decision.'" *Cordoba*, 942 F.3d at 1268 (quoting *Lujan v. Defs. Of Wildlife*, 504 U.S. 555, 560-61 (1992)). Putative class members – defined in the Complaint as "[a]ll persons who purchased Fireball Malt in the State of Florida during the period beginning four years prior to the filing of this action and the date of an order granting class certification," Compl. ¶ 69 – may not have suffered any

"injury in fact" as a result of the labels on Fireball Malt. Some members of the putative class may have known that they were purchasing a malt beverage. Some members of the putative class may have been indifferent as to the base alcohol in the product. Some members of the putative class may have preferred the lower alcohol percentage in Fireball Malt. Some members of the putative class may simply have been interested in the cinnamon flavor. Determining whether each putative class member can claim to have suffered an injury will necessarily require tens or hundreds of thousands of individual inquiries. As the Eleventh Circuit noted, this "poses a powerful problem under Rule 23(b)(3)'s predominance factor." *Cordoba*, 942 F.3d at 1273; *see also Marcus v. BMW of N. Am., LLC*, 687 F.3d 583, 593 (3d Cir. 2012) ("If class members are impossible to identify without extensive and individualized fact-finding or 'mini-trials,' then a class action is inappropriate.")

At the October 19, 2026, hearing on Plaintiff's corrected renewed motion for class certification, the court inquired as to whether putative class members could submit declarations or answer questionnaires to establish Article III standing. The clear answer is no.

Because Fireball Malt is an inexpensive product – a 50 ml bottle retails for around a dollar – for which consumers typically do not retain receipts, there is no administratively feasible way to determine who purchased Fireball Malt, whether each person who claims to have purchased Fireball Malt understood that the product was a malt beverage, whether each person who claims to have purchased Fireball Malt cared about the type of base alcohol, or whether each person who claims to have purchased Fireball Malt was satisfied with the product knowing that it is a malt beverage. Apart from the nearly impossible task of designing a questionnaire encompassing the multitude of reasons why putative class members might purchase Fireball Malt and the likelihood that persons who had never purchased the product would, in the interest of

collecting a share of any judgment, submit a declaration or questionnaire, Sazerac would have a due process right to cross-examine each putative class member.

This court made the issue plain in *Perez v. Metabolife Int'l, Inc.*, 218 F.R.D. 262 (S.D. Fla. 2003) (Huck, J.). The plaintiffs in *Perez* sought certification of a class of purchasers of an over-the-counter nutritional supplement that allegedly contained inadequate health warnings on its label. Noting that it was unlikely that purchasers of the supplement had retained receipts, this court observed that "it is unlikely that many of these putative class members will be able to produce objectively verifiable proof that they ingested the relevant amounts of Metabolife 356 for the relevant period of time." *Id*. at 269. This court continued:

> Although Plaintiffs suggested that class membership could be determined through affidavits and fact sheets, allowing such uncorroborated and self-serving evidence without giving Defendant an opportunity to challenge the class member's evidentiary submissions would likely implicate Defendant's due process rights. * * * Thus, any written submissions that do not give the Defendant an opportunity to challenge the memory or credibility of the individual making that averment would provide inadequate procedural protection to the Defendant. Therefore, individualized mini-trials would be required even on the limited issue of class membership.

*Id*. at 269.

In light of the need for mini-trials to establish Article III standing for each putative class member, this court in *Perez* denied class certification for failure to satisfy the predominance requirement of Rule 23(b)(3). Additionally, the court found the superiority requirement of Rule 23(b)(3) lacking, noting that "[s]evere manageability problems are a prime consideration that can defeat a claim of superiority" and that "[s]everal other courts have denied class certification under similar circumstances, finding that predominance and superiority were not met where 'the economies of scale achieved by class treatment are more than offset by the individualization of

numerous issues relevant to a particular plaintiff.'" *Perez*, 218 F.R.D. at 273 (quoting *In re Amer. Med. Sys., Inc.*, 75 F.3d 1069, 1086 (6th Cir.1996)).[1]

The court's conclusion in *Perez* is amply supported by case authority.

The Due Process Clause guarantees a defendant the opportunity to challenge evidence offered against it and to present individualized defenses. U.S. Const. amend. XIV, § 1; *Lindsey v. Normet*, 405 U.S. 56, 66 (1972) (due process requires a meaningful opportunity to be heard and defend against claims asserted by others). The Supreme Court has repeatedly recognized that aggregate procedures, including class actions, may not deprive defendants of the opportunity to present individualized defenses or challenge individualized claims. *See, e.g., Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 367 (2011) ("Because the Rules Enabling Act forbids interpreting Rule 23 to 'abridge, enlarge or modify any substantive right,' . . . a class cannot be certified on the premise that Wal-Mart will not be entitled to litigate its statutory defenses to individual claims.")

The Eleventh Circuit recently reaffirmed this principle in *Tershakovec v. Ford Motor Co.*, 79 F.4th 1299 (11th Cir. 2023), explaining that "considerations of administrative convenience do not trump the class action defendant's right to due process of law" and cautioning that courts may not relax ordinary evidentiary and proof requirements simply because claims are asserted on a class-wide basis. *Id.* at 1326 (quoting *Rollins, Inc. v. Butland*, 951 So. 2d 860, 874-75 (Fla. 2d Dist. Ct. App. 2006)). The Court of Appeals made clear that class-wide

[1] This court further observed that the "'predominance requirement cannot be satisfied by seeking to repeatedly split the claims pursuant to Rule 23(c)(4),' when, as here, 'liability as to Plaintiffs is, overall, a highly individuated issue.'" *Perez*, 218 F.R.D. at 273 (quoting *Kemp v. Metabolife Int'l Inc.*, No. CIV 00–3513, 2002 WL 113894, at *4 (E.D. La. Jan. 25, 2002)).

procedures cannot be employed in a manner that prevents defendants from defending against individualized claims because doing so would violate due process. *Id.*

The Third Circuit made the same point in *Carrera v. Bayer Corp.*, 727 F.3d 300 (3d Cir. 2013), an action brought under the FDUTPA, holding that "[a] defendant in a class action has a due process right to raise individual challenges and defenses to claims, and a class action cannot be certified in a way that eviscerates this right or masks individual issues." *Id*. at 307. The *Carrera* court rejected procedures that would require a defendant to accept class members' representations through an affidavit at face value without a meaningful opportunity to test their accuracy, emphasizing that due process requires that "a defendant must be able to challenge class membership." *Id.* at 309.[2] If, as here, individual determinations must be made of each putative class member's Article III standing, the predominance requirement of Rule 23(b)(3) is not satisfied.

**II. INDIVIDUAL DAMAGES QUESTIONS OVERWHELM ANY COMMON QUESTIONS.**

In addition to the Article III standing issue, another issue defeats Plaintiff's attempt to satisfy the predominance and superiority requirements of Rule 23(b)(3): the need to make

---

[2] The Third Circuit in *Carrera* also addressed a question raised by this court at the October 19, 2026, hearing as to whether the use of self-certification by claimants in response to a class action settlement was analogous to self-certification for Article III purposes. It is not. As the Third Circuit explained, "Settlement classes raise different certification issues than litigation classes. Accordingly, we question whether the FTC's proposals for identifying purchasers, made as part of a settlement (and a non-class action settlement at that), bear any relevance to the issue of ascertainability in this case." *Carrera*, 727 F.3d at 308 n. 4 (internal citation omitted); *see also Amchem Prods. v. Windsor*, 521 U.S. 591, 620 (1997) ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems, *see* Fed. Rule Civ. Proc. 23(b)(3)(D), for the proposal is that there be no trial.").

individual causation and damages determinations with respect to each member of the putative class.

Plaintiff seeks to assert a FDUTPA claim on behalf of a putative class. A FDUTPA claim requires Plaintiff to establish three elements: "(1) a deceptive act or unfair practice; (2) causation; and (3) actual damages." *Carriuolo v. General Motors Co.*, 823 F.3d 977, 983 (11th Cir. 2016) (citing *City First Mortg. Corp. v. Barton*, 988 So. 2d 82, 86 (Fla. Dist. Ct. App. 2008)). Even if Plaintiff could establish a "deceptive act or unfair practice" – which he cannot – it would be necessary to establish causation and damages with respect to each putative class member.

As noted previously, there are numerous questions of both liability and damages that must be asked of each individual member of the putative class. For example, causation would not exist with respect to putative class members who knew that the Fireball Malt they purchased was a malt beverage and not a whisky product. Nor would causation exist with respect to putative class members who purchased the product because they enjoyed the taste of cinnamon, or the taste of Fireball, but were indifferent to the type of base alcohol. Similarly, the FDUTPA's damages measure – "the value of the product as promised minus the value of the product delivered," *Carriuolo*, 823 F.3d at 986 (quoting *Coghlan v. Wellcraft Marine Corp.*, 240 F.3d 449, 453 (5th Cir. 2001)) – would require individual inquiries of each member of the putative class. Given the well-documented demand for low-alcohol beverages, it is likely that a considerable proportion of the putative class considers a lower-alcohol version of Fireball to be *more* valuable than higher alcohol Fireball Whisky. *See* Expert Report of David Reibstein (attached hereto as Exhibit A) at ¶¶ 33 - 36. Other putative class members likely are indifferent to the type of base alcohol and therefore cannot have suffered any damages at all. Even those

who might otherwise prefer Fireball Whisky to Fireball Malt might find that the value of convenience – the ability to purchase a Fireball product at a convenience store on the way home or on the way to work rather than having to travel to a liquor store – outweighs the value placed on a particular base alcohol. *Id.* at ¶¶ 24 – 25.[3] Accordingly, individual inquiries regarding damages will be required of each individual member of the putative class. This, too, defeats certification. *See, e.g., Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1270 (2009) ("Where, after adjudication of the classwide issues, plaintiffs must still introduce a great deal of individualized proof or argue a number of individualized legal points to establish most or all of the elements of their individual claims, such claims are not suitable for class certification under Rule 23(b)(3).") (quoting *Klay v. Humana, Inc.*, 382 F.3d 1241, 1255 (11th Cir. 2004)).

*Carriuolo* and *Fitzpatrick v. Gen. Mills, Inc.*, 635 F.3d 1279 (11th Cir. 2011), are not to the contrary. First, unlike the instant case, neither *Carriuolo* nor *Fitzpatrick* involved individual liability issues. *See Klay*, 382 F.3d at 1260 ("It is primarily when there are significant individualized questions going to liability exist that the need for individualized assessments of damages is enough to preclude 23(b)(3) certification."). Second, in both *Carriuolo* and *Fitzpatrick*, the plaintiffs could show class-wide damages by comparing the price of the product at issue with the *market value* of the product without misrepresentations on the label (*Fitzpatrick*) or window sticker (*Carriuolo*). Here, however, Plaintiff has proffered no means of establishing the market value of Fireball Malt absent the challenged label. Plaintiff's proposed model – halving the retail price to reflect half the alcohol-by-volume of Fireball Whisky – in no way represents the market value of alternatively-labeled Fireball Malt. *See* Expert Report of

---

[3] Plaintiff has no evidence regarding the value consumers other than himself place on the amount of alcohol or the type of alcohol in Fireball Malt or on the value consumers place on convenience.

David Reibstein at ¶¶ 13 – 42. As Dr. Reibstein explains in detail, alcohol content is not a proxy for market value, the measure of FDUTPA damages, nor is it a measure that can be applied class-wide. *Id*. Third, the need for individual determinations does not by itself preclude class certification "where damages can be computed according to some formula, statistical analysis, or other easy or essentially mechanical methods. . .." *Klay*, 382 F.3d at 1259-60. No such "essentially mechanical method" of determining individual damages is available here. Consequently, the need for individual damages inquiries of each putative class member precludes certification. *See, e.g., Comcast Corp. v. Behrend*, 569 U.S. 27, 34 (2013) (unless it can be "establish[ed] that damages are capable of measurement on a classwide basis," a plaintiff "cannot show Rule 23(b)(3) predominance: Questions of individual damage calculations will inevitably overwhelm questions common to the class.").

Because individual inquiries would be required of each member of the putative class with respect to both causation and damages, and because Sazerac would have a due process right to cross-examine each putative class member, Plaintiff cannot satisfy the predominance requirement of Rule 23(b)(3).

Plaintiff has the burden of proof to establish that class certification is appropriate and "must affirmatively demonstrate his compliance with Rule 23." *Brown v. Electrolux Home Prods., Inc*., 817 F.3d 1225, 1234 (11th Cir. 2016) (quoting *Comcast*, 569 U.S. at 33); *see also Halliburton Co. v. Erica P. John Fund, Inc*., 573 U.S. 258, 275 (2014) ("plaintiffs wishing to proceed through a class action must actually *prove*—not simply plead—that their proposed class satisfies each requirement of Rule 23, including (if applicable) the predominance requirement of Rule 23(b)(3).") (emphasis in original). This court "must conduct a rigorous analysis of the rule 23 prerequisites before certifying a class." *Vega*, 564 F.3d at 1266 (quoting *Castano v. Am.*

*Tobacco Co*., 84 F.3d 734, 740 (5th Cir. 1996)). "[C]ertification orders are not like participation trophies that are handed out to everyone on the tee ball team." *R.I. Off. of the Gen. Treasurer v. Boeing Co.*, 182 F.4th 422, 447 (4th Cir. 2026). Because Plaintiff has not met, and cannot meet, his burden of proving that common issues predominate over individual issues, Plaintiff's motion for class certification must be denied.[4]

**CONCLUSION**

For the reasons set forth above, Hernandez's motion for class certification should be denied.

[4] The individual inquiries that would be required of each putative class member also defeat certification pursuant to Rule 23(b)(2). As this court observed in *Perez*, "[a]lthough [Rule 23(b)(2)] does not have the same superiority and predominance requirement of Rule 23(b)(3), the class proponent must still demonstrate that the claims are cohesive. In fact, the class claims under this subpart 'may require more cohesiveness than a [Rule 23](b)(3) claim . . . because in a [Rule 23](b)(2) action, unnamed members are bound by the action without the opportunity to opt out.' Thus, a court should be hesitant to grant certification on this ground when individual issues and disparate factual circumstances are likely to overwhelm any common issues." *Perez*, 218 F.R.D. at 273-74 (internal citations omitted) (quoting *Barnes v. American Tobacco Co*., 161 F.3d 127, 143 (3d Cir.1998)).

Dated: November 9, 2026

Respectfully submitted,

JONES FOSTER P.A.

*/s/ Joanne M. O'Connor*
Joanne M. O'Connor
Florida Bar No: 498807
505 South Flagler Drive, Suite 1100
West Palm Beach, FL 33401
Telephone: (561) 659-3000
joconnor@jonesfoster.com

Creighton R. Magid (admitted *pro hac vice*)
Katherine E. Canning (*pro hac vice* application forthcoming)
DORSEY & WHITNEY LLP
1401 New York Avenue, N.W. Suite 900
Washington, D.C. 20005
Telephone: (202) 442-3555
magid.chip@dorsey.com
canning.katherine@dorsey.com

*Attorneys for Defendant Sazerac Company, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 9, 2026, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Filing.

/s/Joanne M. O'Connor
Joanne M. O'Connor

**HERNANDEZ v SAZERAC**
**Case No. 1:25-cv-24568-HUCK/LOUIS**
**SERVICE LIST**

Christopher Gold, Esq.
GOLD LAW, PA
350 Lincoln Rd., 2nd Floor
Miami Beach, FL 33139
305-900-4653
chris@chrisgoldlaw.com
*Counsel for Plaintiff and the Proposed Class*

Garrett Berg, Esq.
GARRETT BERG LAW, P.A.
555 NE 15th St., PH A
Miami, FL 33132
garrett@gberglegal.com
*Counsel for Plaintiff and the Proposed Class*

Joanne M. O'Connor
JONES FOSTER P.A.
505 South Flagler Drive, Suite 1100
West Palm Beach, FL 33401
561-659-3000
joconnor@jonesfoster.com
*Attorneys for Defendant Sazerac Company, Inc.*

Creighton R. Magid (*admitted PHV*)
Katherine E. Canning (*pro hac vice forthcoming*)
DORSEY & WHITNEY LLP
1401 New York Avenue, N.W. Suite 900
Washington, D.C. 20005
202-442-3555
magid.chip@dorsey.com
canning.katherine@dorsey.com
*Attorneys for Defendant Sazerac Company, Inc.*