**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

RAFAEL HERNANDEZ, individually and on behalf of all others similarly situated,

Plaintiff,

v.

SAZERAC COMPANY, INC.,

Defendant.
_______________________________________/

Case No. 1:25-cv-24568-PCH/LFL

**CLASS ACTION**

**PLAINTIFF'S EXPEDITED MOTION FOR A TWO-DAY EXTENSION OF TIME TO FILE HIS SUPPLEMENTAL BRIEF ON CLASS CERTIFICATION**

Plaintiff Rafael Hernandez, under Federal Rule of Civil Procedure 6(b)(1)(A) and Local Rule 7.1, moves for a two-day extension of his deadline to file his supplemental brief in support of class certification, from Monday, November 23, 2026, to Wednesday, November 25, 2026, with a matching extension of Defendant Sazerac Company, Inc.'s reply deadline, from Thursday, December 3, 2026, to Monday, December 7, 2026. The certified transcript of the deposition of Sazerac's expert, Dr. David J. Reibstein, will not be available until November 25 because the court reporter misunderstood Plaintiff's requested delivery date. The reporter's declaration is attached as Exhibit A. In support, Plaintiff states:

**BACKGROUND**

1. At the October 19, 2026 hearing on Plaintiff's Corrected Renewed Motion for Class Certification, ECF No. 45, the Court requested supplemental briefing and set a schedule: Sazerac's supplemental brief by November 9, 2026; Plaintiff's supplemental brief by November 23, 2026; and Sazerac's reply by December 3, 2026. ECF No. 65.

2. On November 9, 2026, Sazerac filed its supplemental brief together with an 85-page report from Dr. Reibstein. ECF Nos. 73, 73-1.

3. Plaintiff deposed Dr. Reibstein remotely on November 13, 2026. His testimony bears directly on the arguments in Sazerac's supplemental brief, and Plaintiff's supplemental brief relies on it.

4. Plaintiff's counsel asked the court reporter to deliver the certified transcript by November 19, 2026, four days before Plaintiff's brief was due. Ex. A ¶ 3. The reporter understood the order as one for regular delivery, which, because of the Thanksgiving holiday, would place delivery on November 30, 2026. *Id.* ¶ 4.

5. Plaintiff's counsel learned of the misunderstanding on the evening of Sunday, November 22, 2026, when he followed up on the transcript. *Id.* ¶ 5. The reporter is in trial all day on Monday, November 23, 2026, and the earliest she can deliver the certified transcript is Wednesday, November 25, 2026. *Id.* ¶ 6.

6. Without the certified transcript, Plaintiff cannot cite Dr. Reibstein's testimony to the Court from the official record.

## MEMORANDUM OF LAW

"When an act may or must be done within a specified time, the court may, for good cause, extend the time . . . with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(1)(A). Good cause exists here.

*First*, Plaintiff makes this request before his deadline expires, and the delay is not of his making. Plaintiff asked for the transcript four days before his brief was due; the reporter has confirmed that she understood the order as one for regular delivery and that she cannot deliver it before November 25. Ex. A ¶¶ 3–6.

*Second*, the extension is as short as it can be. Plaintiff asks for two days, tied to the earliest date the reporter can deliver the certified transcript.

*Third*, the extension will assist the Court. Dr. Reibstein's report is the centerpiece of Sazerac's supplemental brief, and his deposition testimony is necessary to answer it.

*Fourth*, no party is prejudiced. Plaintiff proposes that Sazerac receives the same two-day extension for its reply, which moves from Thursday, December 3, 2026, to Monday, December 7, 2026, because two days from December 3 falls on a Saturday. Fed. R. Civ. P. 6(a)(1)(C). The extension does not affect any other deadline in the case.

## LOCAL RULE 7.1(a)(3) CERTIFICATE OF CONFERRAL

Counsel for Plaintiff conferred with counsel for Sazerac by email on November 22, 2026, regarding the relief requested in this motion. Counsel for Sazerac advised that Sazerac does not oppose the relief requested.

WHEREFORE, Plaintiff respectfully requests that the Court enter an order (a) extending Plaintiff's deadline to file his supplemental brief in support of class certification to November 25, 2026; (b) extending Sazerac's deadline to file its reply to December 7, 2026; and (c) granting such further relief as the Court deems just. A proposed order is submitted with this motion.

Dated: November 23, 2026

Respectfully submitted,

*/s/ Christopher Gold*
Christopher Gold, Esq.
Florida Bar No. 088733
**GOLD LAW, P.A.**
350 Lincoln Road, 2nd Floor
Miami Beach, FL 33139
Telephone: (305) 900-4653
Email: chris@chrisgoldlaw.com

*Counsel for Plaintiff and the Proposed Class*

**CERTIFICATE OF SERVICE**

I hereby certify that on the date set forth above, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all counsel of record.

*/s/ Christopher Gold*
Christopher Gold, Esq.